174 So.2d 541 (1965)
MARYLAND CASUALTY COMPANY, a Maryland Corporation, Petitioner,
v.
Charles KRASNEK, Respondent.
No. 33312.
Supreme Court of Florida.
March 3, 1965.
Rehearing Denied March 3, 1965.
Knight, Smith, Underwood & Peters and Wm. M. Hoeveler, Miami, for petitioner.
Malcolm Lewis Kneale, Miami, for respondent.
O'CONNELL, Justice.
By petition for certiorari the petitioner seeks review of a decision of the District Court of Appeal, Third District, reversing a summary judgment of the Civil Court of Record for Dade County in an action at law on a negotiable instrument.
*542 Plaintiff, respondent here, on April 29, 1961 was injured in an accident involving a vehicle owned by the House and Garden Furniture Company. Upon a claim being made against that company, representatives of the petitioner insurance company, believing that their company carried liability insurance on the vehicle involved, approached respondent and negotiated a settlement with him. In return for a general release executed by respondent, petitioner delivered a settlement check dated May 23, 1961 in the amount of $759.86, which respondent duly delivered to his bank for deposit. Prior to payment of the check, however, petitioner discovered that earlier information received from its home office was in error and that the policy covering the vehicle in question had been permitted to lapse. Immediately upon discovering its error, petitioner stopped payment on the check. After making an unsuccessful demand for payment, respondent instituted suit on the check.
Petitioner defended in the trial court on the grounds, (1) that the settlement contract was not supported by adequate consideration, and (2) pursuant to Section 52.20 F.S.A., on the equitable ground that the settlement contract was subject to rescission by reason of a unilateral mistake as to a material fact. On motion by both parties for summary judgment, the trial court entered judgment for defendant.
On appeal, the District Court of Appeal, Third District, reversed, apparently on the alternate grounds, (1) that under Florida law, unilateral mistake provides no basis for equitable relief and therefore no defense herein for petitioner; but in any event, (2) that this relief is only available "if payment has not placed the other party in a changed position so that it would be unjust to require refund"; or (3) that unilateral mistake will not justify such relief if it results "solely from the want of such care and diligence as would be exercised by persons of reasonable prudence under the same circumstances."
Petitioner seeks review here under Article V, Section 4 of the Florida Constitution, F.S.A., and Rule 4.5, subd. c of the Appellate Rules, 31 F.S.A., alleging conflict with the decisions of this Court in Langley v. Irons Land & Development Co., 94 Fla. 1010, 114 So. 769 (1927); Hurst Motor Co. v. National Bond & Investment Co., 96 Fla. 148, 117 So. 792, 59 A.L.R. 807 (1928) and Boole v. Florida Power & Light Co., 147 Fla. 589, 3 So.2d 335 (1941).
Although there is little doubt that the statement in the District Court's opinion that unilateral mistake provides no basis for rescission of a contract or for other equitable relief therefrom, represents the majority view, Restatement, Contracts Section 12 (1932); Restatement, Restitution, Section 14(1); 5 Williston on Contracts, Section 1579 (1937), we are of opinion that it does not accurately reflect Florida case law. Thus, in the Langley case, supra, although it appears that the mistake was actually induced by the party against whom rescission was sought, the fact is that the court held in favor of rescission on the ground of unilateral mistake.
In the Hurst case, supra, the court again ordered rescission, saying at 117 So., page 792, "In absence of fraud, relief will be granted in equity on the ground of a unilateral mistake, where the mistaken party offers to put the other party in status quo * * *."
The facts of the Boole case, supra are rather more in point, although there is no indication that the mistake involved was brought about by negligence. There, the decedent of the party suing for rescission had executed a general release in favor of the other party to an accident, unaware at the time that he had suffered more serious injuries than yet appeared. Although in holding for rescission, the court wrote in terms of mutual mistake, it would seem that the mistake was really unilateral in the same sense as here.
*543 In these and other cases, Voss v. Forgue, 84 So.2d 563 (Fla. 1956); Wicker v. Board of Public Instruction of Dade County, 106 So.2d 550 (Fla. 1958); Crosby v. Andrews, 61 Fla. 554, 55 So. 57 (1911), this court has granted equitable relief on the basis of unilateral mistake. Among these, the Crosby case, supra, is noteworthy. There, the board of trustees of a church sought to cancel a deed by which they had conveyed certain church property, on the ground that they had by mistake included land which had previously been conveyed to another grantee (one of their number, incidentally). In granting rescission, the court said, 55 So. at p. 63:
"A deed of conveyance may be rescinded or cancelled for a negligent mistake of fact that is unilateral where the negligence is not a breach of legal duty, and the mistake is material and made under circumstances that render it inequitable for the other party to have the benefit thereof, even though he did not by commission or omission contribute to the mistake, and the parties were dealing at arm's length and on equal footing."
Jurisdictional conflict established, we now turn to the alternative grounds for the holding below. There is no doubt that the law was correctly stated therein as preventing equitable relief on ground of unilateral mistake in instances in which the mistake is the result of a lack of due care or in which the other party to the contract has so far relied upon the payment that it would be inequitable to require repayment. 3 Corbin on Contracts Sec. 606 (1960). However, the question here is whether the law so stated should have been applied to the facts herein by the District Court of Appeal or by the trial judge.
Implicit in the summary order of the trial judge are holdings, first, that the mistake did not result from an inexcusable lack of due care in the circumstances and, second, that the respondent's position had not been so changed in reliance on the contract that it would be unconscionable to order rescission. If there is substantial evidence to support such holdings, they should not be disturbed on appeal.
The record shows that petitioner had at one time insured the House and Garden Co. vehicle involved in the accident, that this coverage had lapsed, and that the settlement negotiations had been carried on by a branch office of petitioner on the basis of information received from the home office. It seems to us not unreasonable for the trial judge to have seen in these ingredients the making of this kind of mistake, whether by clerical error, bad communications, or otherwise. No doubt there was some degree of negligence involved here. But, after all, mistakes do not ordinarily result from the exercise of due care. In any event, the negligence that is apparent here does not approach that which was involved in the facts of the Crosby case, supra. There the parties seeking rescission had simply failed to read the deed by which they had made the conveyance.
In their brief, respondents have more than met petitioner's contention that there was no adequate consideration for the settlement contract. Indeed, it is well settled that the slightest detriment to the promisee is sufficient consideration to bind the promisor. Mangus v. Present, 135 So.2d 417 (Fla. 1961). But to say that the consideration was legally sufficient to bind the promisor is far different from saying that respondent so changed his position in reliance upon petitioner's undertaking that it would be unconscionable to rescind the contract or that it would be impossible to restore him to the status quo. Respondent lists in his brief eight "detriments and inconveniences" sustained by him. In every case, the detriment or inconvenience is only technical and no serious obstacle to restoring him to the status quo. Probably the most burdensome is that having to do with the forbearing to sue on the part of the respondent. Actually, however, the forbearance was for only a few days. In our view, *544 the other detriments listed are even less substantial.
But whatever the merits of respondent's argument, the circumstances in this case offer sufficient basis to support the trial judge's holding that respondent had not so changed his position as to make rescission of the settlement contract unconscionable.
We note that in the opinion under attack the District Court of Appeal relied strongly upon the decision of the District Court of Appeal, Second District, in O'Neill v. Broadview, Inc., 112 So.2d 280 (D.C.A. 2nd. 1959), which in turn, relied heavily upon statements in 12 Am.Jur., Contracts, sec. 133 to the effect that a unilateral error does not avoid a contract. However, as we read that portion of the section quoted in the O'Neil case it relates primarily to mistakes as to the details of the contractual relationship. Indeed, later in the same section it is said that:
"Clearly, a unilateral mistake in the making of an agreement, of which the other party is entirely ignorant and to which he in no way contributes, will not affect the agreement or afford ground for its avoidance or rescission, unless it is such a mistake as goes to the substance of the agreement itself." (Emphasis added)
Petitioner, in the circumstances which led to this suit, was negotiating to relieve itself of a liability mistakenly thought to be its. It is difficult to imagine a mistake going more to the substance of the agreement than the one made by the petitioner here.
For the foregoing reasons the petition is granted, the writ is issued, and the opinion of the District Court is quashed with directions to reinstate the judgment of the trial court.
It is so ordered.
DREW, C.J., and THORNAL, CALDWELL and ERVIN, JJ., concur.