GOODBODY & COMPANY, INC., a Delaware corporation, Plaintiff,

v.

Leon SULTAN, Defendant.

No. 71-1512-Civ.-EC.

United States District Court,
S. D. Florida.

April 17, 1972.

James W. Crabtree, Smathers & Thompson, Miami, Fla., for plaintiff.

Horton, Schwartz & Perse, Miami, Fla., for defendant.

## OPINION

SOLOMON, Senior District Judge (sitting by assignment).

Plaintiff, Goodbody & Company, Inc., filed this action to recover $20,778 paid by mistake to Leon Sultan. The facts are undisputed.

In August, 1963, Sultan, at the request of his brother-in-law Eduardo Azrak of Caracas, Venezuela, loaned $4,500 to James Azrak of Miami Beach, Florida, on the understanding that the loan would be repaid within a few months. Eduardo guaranteed the loan.

Although Sultan from time to time demanded that Eduardo satisfy the loan, the loan was not repaid.

The following excerpt from plaintiff's brief sets forth the circumstances under which Goodbody and Company, plaintiff's assignor, acquired the stock, the sale of which is the basis for this action:

"Finally in October, 1968, when Eduardo Azrak was on a visit to this country, he went with the defendant, Leon Sultan to the offices of Goodbody & Company in Ft. Lauderdale, Florida and there presented a stock certificate representing 5,000 shares of First Southern Corporation to Goodbody & Company. Eduardo Azrak was the owner of 5,000 shares certificate of First Southern Corporation stock. An account was opened in the name of the defendant, Leon Sultan, at Goodbody & Company and the 5,000 shares certificate of First Southern Corporation stock was placed with Goodbody & Company for the purpose of determining whether the stock had any value, and if so, how much: if it had value, that it be sold. Eduardo Azrak assured the defendant, Leon Sultan, that if the stock had a value and was sold, then he, Sultan, could deduct from the sale of the stock the amount due him from the loan to James Azrak and any proceeds left over were to be forwarded to Eduardo Azrak. No representations as to value or anything else were made by the defendant, Sultan, or Eduardo Azrak."

Since 1964, First Southern Corporation stock was worthless, but shares of stock of First Southern Company were being exchanged in October, 1968, for Liberty Loan Corporation shares at a ratio of six to one.

Goodbody mistook First Southern Corporation for First Southern Company. On November 13, 1968, Goodbody accepted the First Southern Corporation stock for trade and credited Sultan's account with 833 shares of Liberty Loan. Goodbody on December 23, 1968, sold these 833 shares for $20,778.64 and gave Sultan a check for that amount. Three days later, Sultan sent Eduardo a check for $16,378 and kept the balance in settlement of the loan.

About a year and a half later, Goodbody discovered the mistake and made demand on Sultan to return the money.

On December 11, 1970, Goodbody assigned this claim to plaintiff, Goodbody & Company, Inc. Plaintiff filed this action against Sultan on the theory of unjust enrichment.

Florida law governs. In Florida, "relief will be granted for unilateral mistake where the mistake goes to the substance of the agreement, is not the result of a lack of due care, and where the other party has not relied upon the mistake to his detriment." Langbein v. Comerford, 215 So.2d 630, at 631 (Fla. App.1968). See also, Maryland Casualty Company v. Krasnek, 174 So.2d 541 (Fla.1965).

Sultan did not know the value of the stock. He made no representations of value, and he did not cause the mistake. Goodbody was a large brokerage firm with offices in New York and in various cities throughout the United States. It had access to the value of all listed and unlisted stock, and in this case it had ample time to make any investigation it found necessary. It had the certificate in its possession for more than a month

before it credited Sultan's account with the 833 shares of Liberty Loan. It held these shares for an additional month before it sold them and mailed the check for the proceeds to Sultan. Goodbody did not discover the mistake for more than 15 months after it paid Sultan.

The names of the companies were similar, but there are many companies with similar names. Had Goodbody attempted to make the exchange for shares in Liberty Loan, it would have discovered the mistake immediately. In my view, the company was guilty of an inexcusable lack of due care.

Plaintiff seeks to recover against Sultan on the ground that the account with Goodbody was in Sultan's name and the money was paid to him. However, the stock certificate deposited with Goodbody was in Eduardo's name, and Goodbody knew that Eduardo was the owner of the stock. Plaintiff should not be permitted to recover against Sultan, the agent, when he had a disclosed principal.

In addition, Sultan changed his position as a result of Goodbody's mistake. The loan which Sultan made at Eduardo's request was about five years past due when Eduardo sent him the stock. Eduardo lived in Venezuela. Apparently the only way Sultan could get repaid was for Goodbody to sell the stock which Eduardo deposited with Goodbody in an account opened in Sultan's name. When Sultan received the proceeds of the sale from Goodbody, he kept only $4,500.00 to satisfy the debt, and he mailed more than $16,000.00 to Eduardo in Venezuela. More than 15 months later, Goodbody notified Sultan of the mistake and demanded the return of the money from Sultan.

In my opinion, Sultan should not be required to bear the burden of attempting to collect the money from Eduardo in Venezuela—a highly dubious undertaking, particularly in view of the history of the loan. Neither should Sultan be required to return the $4,500.00 which he used to satisfy the debt.

Defendant is entitled to a judgment of dismissal.

This opinion shall constitute findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).