OWEN, Chief Judge.
This is an action for the balance due under contract for sale of certain unimproved real property. The non-jury trial resulted in a judgment for the defendants from which plaintiff-seller has appealed.
In 1964 the parties entered into an agreement for deed on three lots in Orange County, for a total price of $4,500.00, with a down payment of $500.00 and the remaining $4,000.00 to he paid at the rate of $30.00 per month including interest at the rate of 4%. The seller secured a printed amortization schedule in duplicate, delivering one copy to the buyers. Some six and one-half years later, after 76 consecutive monthly payments were made, the buyers asked the seller to furnish them with information as to the amount necessary to pay the balance due on the agreement. Mr. Conner, the president of the corporate seller, advised the buyers that *556 the balance due was $446.57. A few days later, upon the buyers delivering their check in this amount marked “paid in full”, they received a conveyance of the lots.
Unfortunately (for the seller), Mr. Conner had looked at the wrong sheet of the amortization schedule, the correct balance having been the sum of $2,561.17. The error was not discovered until several months later during the annual audit of the corporate seller’s records. A demand for the remainder of purchase price having been refused by the buyers, the seller brought this action.
At pretrial conference the parties stipulated to the authenticity of the agreement, the fact that only 76 payments of $30.00 each had been made, that the correct amount due under the agreement was not $446.57, but $2,561.17, and that the buyers’ check in the amount of $446.57 marked “paid in full” had been accepted by the seller at the time the deeds were delivered. These stipulated facts established a prima facie case for the plaintiff so that the only issues which needed to be tried were the defendant’s affirmative defenses of (1) payment, and (2) accord and satisfaction.
The only witnesses were Mr. Conner and one of the defendant purchasers, Goldia West. Mr. Conner explained how he had looked at the wrong sheet of the amortization schedule, that there had never been any dispute or disagreement with the buyers as to the balance due, nor any intention to compromise the balance to any figure other than that which was mathematically correct. Mrs. West testified that she had no idea as to the balance due on the contract and simply accepted Mr. Conner’s figure as being correct. The evidence is clear and uncontradicted that the figure which Mr. Conner furnished to the buyers was a result of a unilateral mistake which went to the very substance of the agreement, was not the result of inexcusable lack of due care, and was not one upon which the buyers had relied to their detriment. See Maryland Casualty Co. v. Krasnek, Fla.1965, 174 So.2d 541; Langbein v. Comerford, Fla.App.1968, 215 So.2d 630. There was no basis in this evidence for the court to conclude that the parties had reached an accord and satisfaction or that they had intended the sum of $446.57 to be payment in full irrespective of what the true balance might be.
The judgment is reversed and the cause remanded with instructions to enter judgment for the plaintiff for the amount which represents the unpaid balance of the purchase price.
Reversed and remanded.
CROSS and MAGER, JJ., concur.