324 So.2d 721 (1976)
FLORIDA CRANES, INC., Appellant,
v.
FLORIDA EAST COAST PROPERTIES, INC., Appellee.
No. 75-1242.
District Court of Appeal of Florida, Third District.
January 13, 1976.
Moore, Kessler, Roth & Beckerman, Miami, for appellant.
Cohen, Angel & Feinberg and Lawrence A. Rogovin, North Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Appellant-plaintiff seeks review of an order of the trial court granting a motion to dismiss a complaint to cancel a release and foreclose a mechanic's lien.
The appellant performed certain work for the appellee, making improvements to the appellee's real property. Upon completion of the work, the appellee failed or refused to pay $11,575.86 of the appellant's bill and the appellant filed a claim of lien against the appellee's property. The appellant's counsel herein also represented one Poston Bridge and Iron, Inc., who had also done work for the appellee and had filed a lien against the appellee. Poston's claim was paid or compromised, and the appellant's counsel caused a release of lien to be prepared. However, through clerical error in counsel's office, a release was prepared in the name of the appellant herein and was executed and recorded. Upon learning of the mistake, a release was prepared in Poston's name and recorded. Thereupon, appellant brought the instant action seeking to cancel the appellant's release and to foreclose his mechanic's lien.[1] The appellee moved to dismiss the complaint on the ground that equity could not relieve a party from its unilateral negligence or mistake. *722 After hearing on the motion, the trial court entered the order appealed granting the appellee's motion to dismiss.
The appellant contends, and we agree, that the court erred in entering the order appealed on the ground that equity can correct a unilateral mistake where said mistake is committed by an employee of the appellant, and constitutes a simple but honest mistake which could lead to an unconscionable result. Wicker v. Board of Public Instruction of Dade County, Fla. 1958, 106 So.2d 550; Hotel China & Glassware Company v. Board of Public Instruction of Alachua County, Fla.App. 1961, 130 So.2d 78; State Board of Control v. Clutter Construction Corporation, Fla.App. 1969, 139 So.2d 153; Maryland Casualty Company v. Krasnek, Fla. 1965, 174 So.2d 541.
Therefore, the order under review be and the same is hereby reversed and the matter is remanded to the trial court with directions to permit the defendant therein to file an answer and proceed to a final hearing, in accordance with the Rules of Civil Procedure.
Reversed and remanded, with directions.
NOTES
[1] This matter has been resolved in the trial court upon the complaint and motion to dismiss. Therefore, no question of change in position or prejudice to Florida East Coast Properties, Inc. (between the date of the filing of the mistaken release and the instant suit being commenced) was presented in the trial court or is presented on this appeal, but such may be raised as a defense upon a return of this matter to the trial court.