BARKDULL, Judge,
dissenting.
I respectfully dissent. The appellant insured an automobile owned by the appel-lees that was damaged by fire. The appel-lees duly notified the company of the loss. The company had a contractual obligation to examine the automobile to determine the extent of the damage and in doing this they *614 examined the wrong automobile [1] and came to the conclusion that it was a total loss. They then tendered to the insured a check in full settlement of their equity interest in the automobile, which was financed with a third party bank and tendered to the bank a check in full payment of its lien.
Prior to the delivery of the checks the company was put on notice that the automobile which they determined to be a total loss was not owned by the appellees, notwithstanding this, they tendered the checks as issued, one to the insured and one to the financial institution that had the title. The title was then to be transferred to the insurance company. The appellees then made arrangements to purchase a new vehicle. Some 7 days later the company stopped payment on the drafts.
• Any mistake as to the correct damaged automobile was that of the company in fulfilling its legal duty to investigate the extent of damage to the insureds vehicle. The company tendered full payment to the insureds. They changed their position and the company should not now be relieved of its own unilateral mistake in discharging a duty under the insurance contract for which it was paid a premium to perform. Maryland Casualty Company v. Krasnek, 174 So.2d 541 (Fla.1965) relied on by the majority is not applicable, as there was no valid policy in existence in this cited case and therefore no compensated duty on the part of the insurance company to perform. Therefore, I would affirm the final judgment under review.

. Through no fault of the insureds.