445 So.2d 612 (1984)
PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, Appellant,
v.
Philip R. ANDERSON and Barbara A. Anderson d/b/a Gables Secretarial Service, Appellees.
No. 83-143.
District Court of Appeal of Florida, Third District.
January 31, 1984.
As Amended on Denial of Rehearing March 12, 1984.
*613 McCune, Hiaasen, Crum, Ferris & Gardner and Ace J. Blackburn, Jr. and G. Ware Cornell, Jr., Fort Lauderdale, for appellant.
Sullivan, Admire & Sullivan and John Admire, Coral Gables, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
Pennsylvania National insured the Andersons' 1980 Cadillac Seville against property damage during the period in which it sustained an engine fire. After it was taken to the dealer's lot, the adjuster went to the premises and, induced in large measure by the uncanny coincidence that the two cars shared three of the last four digits of their vehicle identification numbers, inspected another, that is, the wrong 1980 fire-damaged Cadillac. Upon the determination that that vehicle was a total loss, the carrier forwarded drafts to the Andersons and their lien holder for the full insured value of their car. The claim was settled accordingly. When the error was discovered soon after, however, the insurer stopped payment on the checks. The Andersons then brought this suit to recover on the settlement for the amounts agreed to. After a non-jury trial, the lower court found for the plaintiffs and Pennsylvania National appeals.
Because we both consider the carrier's conduct almost amusingly inept and agree what we take to be the trial judge's reaction that the company should be made to lie in its self-made bed, it is with some regret that we conclude that the judgment below must be reversed. In our view, the case is, perhaps unfortunately,[1] governed by Maryland Casualty Co. v. Krasnek, 174 So.2d 541 (Fla. 1965), which squarely holds that a party  even an insurance company such as the present appellant  should be relieved of the consequences of a unilateral mistake like the one involved here.
And there are no grounds for departing from Krasnek in this case. Neither of the two exceptions stated in the decision itself apply. First, the plaintiffs did not detrimentally rely upon the mistake since, as they concede, their only action which even arguably so qualifies, a commitment to purchase an expensive replacement vehicle, occurred before they knew of the extent of the carrier's erroneous largesse. Second, while "some degree of negligence" was undoubtedly involved  in common, as the supreme court pointed out at 174 So.2d 543, with all such cases  it surely does not approach the "inexcusable lack of due care" the court indicated was necessary to entitle the plaintiffs to retain their consequent windfall. 174 So.2d at 543. Compare especially Crosby v. Andrews, 61 Fla. 554, 55 So. 57 (1911), discussed and cited with approval at 174 So.2d 543.
Moreover, we do not share the dissenter's belief that, because it involved a policy which had expired, Krasnek may be confined to mistakes concerning the very existence of a contractual relationship between the parties. The earlier decisions of Voss v. Forgue, 84 So.2d 563 (Fla. 1956), Wicker v. Board of Public Instruction of Dade County, 106 So.2d 550 (Fla. 1958), and Crosby v. Andrews, supra, all of which were specifically followed in Krasnek, and none of which involved such a situation, show that it may not.
For these reasons, the judgment under review is reversed and the cause remanded with directions to dismiss the complaint.
Reversed.
BARKDULL, Judge, dissenting.
I respectfully dissent. The appellant insured an automobile owned by the appellees that was damaged by fire. The appellees duly notified the company of the loss. The company had a contractual obligation to examine the automobile to determine the extent of the damage and in doing this they *614 examined the wrong automobile[1] and came to the conclusion that it was a total loss. They then tendered to the insured a check in full settlement of their equity interest in the automobile, which was financed with a third party bank and tendered to the bank a check in full payment of its lien.
Prior to the delivery of the checks the company was put on notice that the automobile which they determined to be a total loss was not owned by the appellees, notwithstanding this, they tendered the checks as issued, one to the insured and one to the financial institution that had the title. The title was then to be transferred to the insurance company. The appellees then made arrangements to purchase a new vehicle. Some 7 days later the company stopped payment on the drafts.
Any mistake as to the correct damaged automobile was that of the company in fulfilling its legal duty to investigate the extent of damage to the insureds vehicle. The company tendered full payment to the insureds. They changed their position and the company should not now be relieved of its own unilateral mistake in discharging a duty under the insurance contract for which it was paid a premium to perform. Maryland Casualty Company v. Krasnek, 174 So.2d 541 (Fla. 1965) relied on by the majority is not applicable, as there was no valid policy in existence in this cited case and therefore no compensated duty on the part of the insurance company to perform. Therefore, I would affirm the final judgment under review.
NOTES
[1] Neither that Krasnek acknowledgedly represents a minority view, nor that it is one with which we may disagree, affects our juridical, if not jurisdictional, obligation to follow it as imposed by Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
[1] Through no fault of the insureds.