471 So.2d 585 (1985)
BMW OF NORTH AMERICA, INC. and Volkswagen South, Inc., D/B/a Bmw South, Appellants,
v.
David H. KRATHEN and Francine Krathen, His Wife, Appellees.
Nos. 83-1202, 83-1407.
District Court of Appeal of Florida, Fourth District.
June 12, 1985.
Rehearing Denied July 17, 1985.
*586 W. Sam Holland of Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern, P.A., Miami, for appellants.
*587 Gary M. Farmer of Gary M. Farmer, P.A., Fort Lauderdale, for appellees.
HURLEY, Judge.
BMW appeals from an order of the circuit court denying its motion to vacate judgment and, alternatively, its motion for relief from judgment. We affirm.
The Krathens filed suit against BMW, seeking money damages for breach of express and implied warranties under the Uniform Commercial Code, and for alleged violations of the Magnuson-Moss Warranty Act, 15 U.S.C.A. §§ 2301-2312 (1982). The gravamen of the complaint was that BMW sold the Krathens an automobile, at a purchase price of $26,534.13, (with a deferred payment price of $32,501.88), which had a shimmy in the front end that could not be corrected.
BMW responded by mailing an offer of judgment to the Krathens which reads, in its entirety:
Pursuant to Fla.R.Civ.P. 1.442, Defendants hereby offer to allow the Plaintiffs to take judgment against them in the amount of Twenty Thousand Five Hundred ($20,500) Dollars, plus reasonable attorneys fees and costs heretofore accrued.
The Krathens promptly mailed their acceptance of the offer "as written" pursuant to rule 1.442, Fla.R.Civ.P. After the offer of judgment was filed, the clerk of the court entered judgment against BMW for "the total sum of twenty thousand five hundred ($20,500) dollars, plus reasonable attorneys fees and costs."
BMW thereafter filed a motion to clarify offer of judgment and to vacate judgment by the clerk of the court and, alternatively, a motion for relief from judgment pursuant to rule 1.540, Fla.R.Civ.P. Essentially, BMW argued that "return of the vehicle was always a condition precedent to all settlement negotiations with the plaintiffs," and that the offer of judgment should therefore be clarified to reflect that understanding. In its motion for relief from judgment, BMW further argued that even if return of the vehicle were not a condition precedent to the offer, it should be granted relief under rule 1.540, Fla.R. Civ.P., because the offer "was made as a result of mistake, inadvertence, or excusable neglect on the part of [BMW's] counsel." Both motions were denied and this appeal ensued.
As to the denial of the motion to vacate and clarify, the trial court properly refused to look at the pleadings in this case for purposes of interpreting the offer of judgment which unambiguously states that $20,500 is offered "to allow the Plaintiffs [the Krathens] to take judgment against them." The Krathens accepted the offer "as written"; BMW therefore cannot now be heard to complain that a condition precedent should be read into the offer merely because the attorney who drafted the offer "assumed" that both parties contemplated return of the vehicle in exchange for the $20,500.
A judgment entered pursuant to rule 1.442, Fla.R.Civ.P., may properly be analogized to a consent judgment, which is in the nature of a contract. As such, the construction of a rule 1.442 judgment should be governed solely by the language employed by the parties if it is without ambiguity. See Lyng v. Bugbee Distributing Co., 133 Fla. 419, 182 So. 801 (1938); Royal American Realty, Inc. v. Bank of Palm Beach & Trust Co., 215 So.2d 336 (Fla. 4th DCA 1968); Azalea Park Utilities, Inc. v. Knox-Florida Development Corp., 127 So.2d 121 (Fla. 2d DCA 1961). When contractual language is clear and unambiguous, courts cannot indulge in construction or interpretation of its plain meaning. Hurt v. Leatherby Insurance Company, 380 So.2d 432 (Fla. 1980), Frank Maio General Contractor, Inc., v. Consolidated Electric Supply, Inc., 452 So.2d 1092 (Fla. 4th DCA 1984). Further, where a contract is silent as to a particular matter, courts should not, under the guise of construction, impose on parties contractual rights and duties which they themselves omitted. See Southern Crane Rentals, *588 Inc. v. City of Gainesville, 429 So.2d 771 (Fla. 1st DCA 1983).
Thus, in construing the rule 1.442 judgment at issue in this case, the trial court properly refused to look to the pleadings for evidence of the parties' intent because the offer and acceptance were unambiguous on their face.
Next, we turn to BMW's assertion that the judgment should have been vacated because it was the result of a mistake. Under the rule in most states, a contract cannot be opened, changed or set aside without the assent of the parties in the absence of fraud, mutual mistake, or actual absence of consent. See DeFusco v. Giorgio, 440 A.2d 727 (R.I. 1982); State ex rel. Adult & Family Services Division v. Hansen, 54 Or. App. 47, 634 P.2d 256 (1981); State v. One 1969 Dodge Charger Automobile, White Over Red, Serial Number VIN XP29H96167914, 268 N.W.2d 142 (S.D. 1978). Florida, however, follows the minority rule which permits a contract to be set aside on the basis of unilateral mistake unless (a) the mistake is the result of an inexcusable lack of due care or (b) the other party has so changed its position in reliance on the contract that rescission would be unconscionable. Maryland Casualty Co. v. Krasnek, 174 So.2d 541 (Fla. 1965); Orkin Exterminating Co. v. Palm Beach Hotel Condominium Association, Inc., 454 So.2d 697 (Fla. 4th DCA 1984); Pennsylvania National Mutual Casualty Insurance Co. v. Anderson, 445 So.2d 612 (Fla. 3d DCA), review denied, 453 So.2d 43 (Fla. 1984).
The facts in the case at bar provide ample support for the trial court's implied finding of inexcusable lack of due care on the part of BMW's counsel. The offer of judgment did not involve a complex transaction. The terms were few and easily understood. Thus, the omission of what is now claimed to be an essential term, cannot be characterized as a minor, inadvertent error. On the contrary, it evidences a total lack of forethought and such poor draftsmanship as to be well below accepted professional standards. Accordingly, the trial court was justified in refusing to grant relief from a unilateral mistake which resulted from an inexcusable lack of due care.
With respect to the trial court's denial of the defendant's motion for relief from judgment under rule 1.540(b), Fla.R.Civ.P., this court may reverse only if the denial amounted to an abuse of discretion. See Singh v. Tolz, 380 So.2d 1326 (Fla. 4th DCA 1980).
Under rule 1.540(b), the trial court is authorized to relieve a party from a final judgment or decree on grounds of "mistake, inadvertence, surprise or excusable neglect." A party to a consent judgment who files a rule 1.540(b) motion is not entitled to relief because he misunderstood the legal effect of his consent, see In re Will of Aston, 262 So.2d 246 (Fla. 4th DCA 1972), nor is a party to a stipulation for dismissal entered after a negotiated settlement entitled to relief on grounds of inadvertence or excusable neglect where a belated discovery of a more serious injury sustained by one plaintiff is discovered, even though the defendants were in possession of a physician report describing said injury, where plaintiffs failed to avail themselves of available methods for obtaining the report. See Smiles v. Young, 271 So.2d 798 (Fla. 3d DCA), cert. denied, 279 So.2d 305 (1973). Neglect of counsel amounts to excusable neglect sufficient to warrant relief from judgment only where it is the result of generally accepted practices and amenities among the local bar. Id.; Kash N'Karry Wholesale Supermarkets, Inc. v. Garcia, 221 So.2d 786 (Fla. 2d DCA 1969). In this case, the omission of a key contractual provision simply cannot be classified as a generally accepted practice among the local bar.
Therefore, we find that the trial court acted well within its discretion by denying BMW's motion for post-judgment relief. See In re Will of Aston, supra; cf. Kuykendall v. Kuykendall, 301 So.2d 466 (Fla. 1st DCA 1974) (mistaken view of the law does not justify relief under rule 1.540(b)).
*589 In Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978), the supreme court observed:
It has never been the role of the trial courts of this state to relieve attorneys of their tactical mistakes. The rules of civil procedure were never designed for that purpose, and nothing in Rule 1.540(b) suggests otherwise.
360 So.2d at 69. In Vasta, the court held that a voluntary dismissal by plaintiff during the course of the trial divested the trial court of jurisdiction to later relieve the plaintiff of the dismissal on grounds that the applicable statute of limitations barred refiling of the suit. Similarly, we hold that the court below correctly concluded that it was without authority to grant relief under rule 1.540(b) in order to relieve BMW's counsel of his mistaken assumptions and neglect in failing to specifically provide for return of the vehicle as a condition precedent to its offer of judgment. The trial court's denial of BMW's motion is
AFFIRMED.
NORRIS, WILLIAM A., Jr., Associate Judge, concurs.
WALDEN, J., dissents with opinion.
WALDEN, Judge, dissenting with opinion.
I respectfully dissent and would reverse upon authority of Maryland Casualty Company v. Krasnek, 174 So.2d 541 (Fla. 1965), which stands for the proposition that a party can be relieved from a unilateral mistake under certain circumstances, which circumstances I feel were met here.
Moreover, I feel the trial court erred in refusing to look at the pleadings and correspondence in this case in assessing the merits of appellants' position. Had that been done, it would have been reflected that appellees always took the position that they revoked the acceptance of the automobile and that they no longer wanted the car and did tender it back. Thus, when appellees immediately accepted the offer, as written, they, in my opinion, knew that appellant fully expected the return of the vehicle and they did take advantage of appellants' failure to be explicit on that account.
In my mind the events here could be likened to a cashier who makes a mistake and gives a customer too much change and the customer, aware of the mistake, pockets and keeps that to which he or she is not entitled, saying, well  well, too bad, you made a unilateral mistake.
I feel that appellees have been unjustly enriched and that a remedy should be forthcoming.