PER CURIAM.
We agree with the trial judge’s conclusion, in granting a post-trial motion for judgment for the plaintiff bank after a jury verdict for the defendant, Penzell, that there was no legal basis for a finding either that Penzell had executed a clearly-worded guarantee by his own “unilateral mistake,” see BMW of North America, Inc. v. Krathen, 471 So.2d 585 (Fla. 4th *500 DCA 1985); Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Benton, 467 So.2d 311 (Fla. 5th DCA 1985); see generally Maryland Casualty Co. v. Krasnek, 174 So.2d 541 (Fla.1965), or that it resulted from a “mutual mistake” of both parties. See Heisler v. Florida Mortgage Title & Bonding Co., 105 Fla. 657, 142 So. 242 (1932). Hence, Penzell was bound by the terms of the guarantee.
Affirmed.