SCHWARTZ, Chief Judge.
Viewed in the required light most favorable to the appellant, the record shows that, after settling her personal injury action against a third party, Ms. Coster’s attorney secured a release of “any and all claims” by the hospital against her from a representative of a collection agency for Southeastern Medical Center, where she had been treated. The consideration was $5,217.25. At the time, the representative was aware only of the existence of $6,211.00 in outstanding bills, but the attorney knew — and knew that the representative did not — that there was an additional $10,169.65 bill for which compensation had not been made. In this action by the agency, acting as the hospital’s assignee, to rescind or set aside the release insofar as the $10,169.65 bill was concerned, the trial court entered summary judgment for Cost-er.
We summarily reverse because the record at the least shows genuine issues— if it does not establish it as a matter of law — as to the hospital’s right to relief from the release on theories of unilateral mistake coupled with inequitable conduct, Maryland Casualty Co. v. Krasnek, 174 So.2d 541 (Fla.1965); Camichos v. Diana Stores Corp., 157 Fla. 349, 25 So.2d 864 (1946); Pennsylvania Nat’l Mut. Casualty Ins. Co. v. Anderson, 445 So.2d 612 (Fla. 3d DCA 1984), pet. for review denied, 453 So.2d 43 (Fla.1984), and fraud. Johnson v. Davis, 480 So.2d 625 (Fla.1985); Ball v. Ball, 160 Fla. 601, 36 So.2d 172 (1948); Telesphere Int’l, Inc. v. Scollin, 489 So.2d 1152 (Fla. 3d DCA 1986), review denied, 500 So.2d 546 (Fla.1986).
Reversed.