*1040 ON MOTION FOR CLARIFICATION GRANTED
PER CURIAM.
On consideration of appellant’s motion for rehearing, we withdraw the opinion dated November 2, 1994, and substitute the following opinion:
In this controversy between a real estate broker employed as a leasing agent for a construction and development corporation and the corporation and its owner, we affirm that part of the trial court’s order which awarded to the appellees an improperly paid bonus and overpaid commissions. The balance of the order is reversed and the cause remanded.
With respect to the $5,081.72 commissions award made to the agent, the agent was entitled to receive the full draw amount, even if overpaid, but was not entitled to be awarded additional commissions since the contract as construed by the trial court provided for a “draw against commissions.” See Lester v. Kahn-McKnight Co., 521 So.2d 312, 313 (Fla. 3d DCA 1988); see also Maryland Casualty Co. v. Krasnek, 174 So.2d 541 (Fla. 1965). Because the employer had paid out $47,119.00 in draws and the agent had earned commissions of $39,656.25, the sum of $7,462.75 was overpaid. Therefore, the agent had already “received” enough money to more than make up for the purported $5,081.72 sum due for commissions.
With respect to the award of the draw payments made pursuant to the modification, both parties agreed the owner-contractor was free to terminate the modification. Consequently, we vacate the draw award and remand for the trial court to determine the period of time for which the agent actually worked according to the modification agreement. For this reason also, the vacation and severance awards should be recomputed to reflect the salary of $150.00 weekly, rather than the $1,442.50 that the agent was allowed to draw. We do not reach the attorney’s fee award but return that to the trial court to determine from the record which party has in fact prevailed on the significant issues tried before the court. Moritz v. Hoyt Enterprises, 604 So.2d 807, 810 (Fla.1992).
Affirmed in part, and reversed in part and remanded.