SCHWARTZ, Chief Judge
(dissenting).
Toyota Motor Credit Corporation financed and retained a large lien on a vehicle which was towed and stored by the appellee Dollar Enterprises, Inc. After overly long and unnecessarily complicated litigation, the issues between the two boiled down to how much Toyota would pay of the $5,639.70 claimed, by Dollar and whether Toyota was responsible for Dollar’s attorney’s fees. On the latter issue Toyota contended throughout the litigation that it had no such liability. While Dollar adamantly argued to the contrary, the statutory authority upon which it'relied below, §§ 78.20, 713.78, Fla. Stat. (1995), seemed obviously not to apply to the situation. Indeed, in a preliminary ruling on the attorney fee contention, the trial judge specifically struck from an order proposed by Dollar a ruling that Toyota owed Dollar the fees. Prior to trial, Dollar proposed and Toyota’s counsel unwarily accepted, a settlement for $5,500.00 plus
costs and reasonable attorneys’ fees to be determined by the court at a post-settlement hearing.
In concluding that this provision irreparably bound Toyota to pay fees in whatever amount they were assessed — $13,000 was claimed and $5,600.00 awarded — the trial court and this one have held that Toyota voluntarily agreed to give up its claim that no such fees were awardable at all and acceded to Dollar’s contrary position — for which there is to this day no known supporting authority [2] — all in order to save $139.70 on Dollar’s primary claim. This result is such an absurd travesty of the realities of the situation that its endorsement simply boggles the — or, at least, my — mind.
It seems obvious to me that either
(a) in the factual context in which they were used, the words “reasonable attorneys’ fees to be determined by the court” are at least ambiguous so that parol evidence should have been admitted to demonstrate that the parties actually meant what fairness requires — that the court would decide both entitlement and amount, see 11 Fla.Jur.2d Contracts §§ 148-49,157 (1997); or
(b) if the majority is correct that, considering the words totally out of context, they may only be read to concede what Toyota had no intention of agreeing to, that its lawyer simply made a mistake in approving it. Unlike the majority of the states, Florida long ago established the salutary principle that, in the interests of justice, a contracting party may and should be relieved of her own, even unilateral error so long as the other side has not detrimentally changed its position in reliance on the mistake and it was not the result of an “inexcusable lack of due care.” See Maryland Cas. Co. v. Krasnek, 174 So.2d 541, 543 (Fla.1965), and cases cited (insurer relieved of mistaken settlement made although coverage had expired); Pennsylvania Nat’l Mut. Cas. Ins. Co. v. Anderson, 445 So.2d 612, 613 (Fla. 3d DCA 1984) (insurer relieved of mistaken settlement based on appraisal of wrong car), pet. for review denied, 453 So.2d 43 (Fla.1984). That principle applies directly here. Toyota, or rather, Toyota’s attorney (a) labored under an understandable if naive assumption that the courts would view the situation with a modicum of common sense (b) and hurt no one except his own ehent.
*1322 The majority discusses none of this. Apparently hypnotized by the dictionary meaning of the words as expressed in prior eases, it perceives itself as powerless even to consider that the ultimate result is patently unjust, much less to avoid it. Florida’s version of the parol evidence rule and its adoption of the unilateral mistake doctrine show that this is not the case. As prior decisions of this very court — more, perhaps, than those of any other — demonstrate, it is not necessary to sacrifice justice on the altar of the supposed law. Hernandez v. Cacciamani Dev. Co., 698 So.2d 927 (Fla. 3d DCA 1997). Compare the majority and dissenting opinions in Pennsylvania Nat’l, 445 So.2d at 612 with those in BMW of N. Am., Inc. v. Krathen, 471 So.2d 585 (Fla. 4th DCA 1985), review denied, 484 So.2d 7 (Fla.1986) and Doctor v. State, 677 So.2d 1372 (Fla. 3d DCA 1996), approved, 698 So.2d 1224 (Fla.1997) with Wilson v. State, 668 So.2d 998 (Fla. 4th DCA 1995), quashed, 686 So.2d 569 (Fla.1996). To say the least, I very much regret the majority’s regression into the darkness of mindless legalism.

. In this court, Dollar makes the patently lame claim that fees were somehow awardable under section 57.105, Florida Statutes (1995) — a position which it, for good reason, did not advance at any stage below.