715 So.2d 1122 (1998)
U.S. ALLIANCE CORP. d/b/a Security, Inc. a Florida corporation, Appellant,
v.
Maria TOBON, as Personal Representative of the Estate of Jorge Alejandro, Carolina Ramirez, a minor, by and through next friend Maria Tobon and Jonathan Ramirez, a minor by and through next friend Maria Tobon, Appellees.
No. 97-3573.
District Court of Appeal of Florida, Third District.
August 19, 1998.
Adams & Adams and R. Wade Adams and Joel Lumer, Miami, for appellant.
Gregg R. Schwartz, Miami; Anania, Bandklayder & Blackwell and Douglas H. Stein, Miami, for appellees.
Before NESBITT and FLETCHER, JJ., and JOHNSON, Senior Judge.
JOHNSON, CLARENCE T., Jr., Senior Judge.
This is an appeal from a final judgment entered against one of two defendants after acceptance of an offer of judgment filed pursuant to Rule 1.442, Fla. R. Civ. P.
Appellee, Maria Tobon ("Tobon") filed this wrongful death action against appellant, U.S. Alliance Corp. d/b/a U.S. Security, Inc. ("Security") and its driver-employee, Gregory Bowser ("Bowser"), alleging negligence of Bowser, vicarious liability of Security, and negligent supervision by Security.
On October 22, 1997, Security filed an offer of judgment for $95,001.00 "on behalf of the defendant, U.S. SECURITY CORP., herein *1123 with respect to all claims of MARIA TOBON, as personal representative of the Estate of JORGE ALEJANDRO RAMIREZ, CAROLINA RAMIREZ, a minor, by and through her next [friend], MARIA TOBON and Jonathan Ramirez, a minor, by and through her next friend Maria Tobon." This offer of judgment came within two days after a hearing before the court, where among other things, the parties discussed settlement of the case.
Shortly after the offer of judgment was accepted, Security filed a "Motion to Clarify Offer of Judgment/Objection to Entry of Judgment on Offer," alleging that Bowser's name was inadvertently left out of the offer. At the hearing on the motion/objection, Caleb Freedman, counsel for Security and Bowser, testified that after his secretary typed up the offer of judgment he reviewed it but failed to notice that Bowser's name was not on it. He testified that it was a mistake and not a tactical decision. The trial court denied relief and entered final judgment, leaving the case pending against Bowser. In its order denying Security's request for relief, the trial judge stated, inter alia:
3. That defense counsel Caleb Freedman has testified that a mistake was made in that the Corrected Offer of Judgment inadvertently left out the name of U.S. Security's employee, and a co-defendant herein, Gregory Bowser.
4. That the undersigned has no doubt that the failure to include Gregory Bowser was an unfortunate mistake made by defense counsel and that Plaintiffs' counsel is aware that same was a mistake.
5. That in an appearance before the undersigned on October 20, 1997, two days before issuance of the Corrected Offer of Judgment, counsel for the parties discussed the possibility of a settlement (as to both remaining defendants) for $95,000.00 so it is inconceivable that defense counsel intended to settle out only one of his clients for that same amount.
6. That the undersigned finds the facts here in to closely parallel those in BMW of North America, Inc. v. Krathen, 471 So.2d 585 (Fla.App. 4 Dist.1985) and further feels compelled to follow the ultimate ruling therein even though he shares the same concerns as Judge Walden, the dissenting Judge in BMW.
7. That in light of the recent concern over a need for more professionalism in the legal community voiced by the Courts and the Bar it is disturbing the Plaintiff's counsel, [sic] although within his legal bounds, has chosen not to release defense counsel from what was obviously an unintentional error.
Both rule and case law bear on the question of whether the mistake in this case affords ground for relief.
First, Rule 1.540(b) of the Florida Rules of Civil Procedure provides that:
On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, decree, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise or excusable neglect....
Second, the Florida Supreme Court has held that a contract such as the settlement agreement in this case may be rescinded on the grounds of unilateral mistake, unless the mistake is a result of an inexcusable lack of due care or if the other party to the contract has so far relied upon the contract that it would be inequitable to rescind. Maryland Cas. Co. v. Krasnek, 174 So.2d 541, 543 (Fla. 1965). In agreeing with the trial court's "implicit" finding that the mistake in Krasnek was not a result of an inexcusable lack of due care, the supreme court stated that "[n]o doubt there was some degree of negligence involved here. But, after all, mistakes do not ordinarily result from the exercise of due care." Id.
The trial court in the instant case relied upon BMW, a Fourth District case in which the court found that a unilateral mistake in the settlement agreement constituted an inexcusable lack of due care. 471 So.2d at 588. While we find similarities between BMW and the instant case, there are also distinct differences. We also recognize that case law in the Third District has not interpreted Krasnek so narrowly.
In Florida Cranes, Inc. v. Florida East Coast Properties, Inc., 324 So.2d 721 (Fla. 3d *1124 DCA 1976), this court held, citing Krasnek, that "equity can correct a unilateral mistake where said mistake is committed by an employee of the appellant, and constitutes a simple but honest mistake which could lead to an unconscionable result." Id. at 722. In that case, counsel for the appellant had two clients, both of which had done work on the appellee's property, and both of which had liens against the appellee's property. Id. at 721. The attorney was to prepare a release of the lien for one client, but through a clerical error in the attorney's office, a release was prepared in the name of the appellant instead. Id. This court held that the trial court erred in granting the appellee's motion to dismiss which held the appellant to the release of the lien that was mistakenly prepared in its name by its attorney. Id.
Neither case law nor Rule 1.540(b) support the position that any lack of due care, without qualification, causes the mistaken party to automatically lose its right to rescind. Instead, Maryland Casualty Co. v. Krasnek clearly states that the lack of due care must be one which is inexcusable, because mistakes do not happen without some lack of due care.
Here, settlement was discussed by counsel in the presence of the trial judge just prior to the offer of judgment, with the understanding that an accepted offer of judgment would resolve all issues in the case. There was never any intimation of resolving only those issues between Tobon and Security, leaving the driver, Bowser, still in the litigation. The trial court found that the offer of judgment was accepted knowing that it contained a clerical error. It recognized that this was an "unfortunate mistake" and that it was "inconceivable" that counsel for Security and Bowser intended to settle only for Security for the same amount. It is implicit in the trial court's findings that the mistake made by counsel was not inexcusable, and that the only reason it denied Security's motion was because of BMW, 471 So.2d 585.
The failure to include Bowser's name in the offer was not a tactical decision.[1] In preparing and typing legal documents mistakes are sometimes made. While it is expected that attorneys will catch almost all of them, it is only human that some are occasionally missed. We find based on the law of the supreme court and this district, that perfection is not the required standard for rescinding a contract, nor is it the required standard under the Florida Rules of Civil Procedure.
We find that under the circumstances of this case, the omission of Bowser's name on the offer of judgment was a non-tactical, inadvertent, excusable mistake that went to a material and substantial element of the agreement[2] and that said mistake was known to plaintiff's counsel when the offer was received. Security is, therefore, entitled to relief.
The final judgment entered herein is reversed, the offer of judgment and acceptance thereof are set aside and the cause remanded.
NOTES
[1] See Randle-Eastern Ambulance Serv., Inc. v. Vasta, 360 So.2d 68, 68 (Fla.1978).
[2] See Williams, Salomon, Kanner, Damian, Weissler & Brooks v. Harbour Club Villas Condominium Ass'n, Inc., 436 So.2d 233, 235 (Fla. 3d DCA 1983).