732 So.2d 456 (1999)
FLORIDA INSURANCE GUARANTY ASSOCIATION, INC., Appellant,
v.
Sherman A. LOVE and Patricia Love, Appellees.
No. 98-00659.
District Court of Appeal of Florida, Second District.
May 14, 1999.
Susan D. Duff and Shannon D. Stancil of Rumberger, Kirk & Caldwell, P.A., Tampa, for Appellant.
Stuart C. Markman and Susan H. Freemon of Kynes, Markman & Felman, P.A., Tampa, for Appellees.
NORTHCUTT, Judge.
Sherman Love and his wife Patricia sued various persons and companies for damages resulting from an automobile accident. The insurer for one of the defendant companies became insolvent and Florida Insurance Guaranty Association, Inc. (FIGA) took over the defense of the suit. The Loves' attorney sent FIGA a settlement demand in the amount of $210,000. In a letter, FIGA's senior claims examiner responded:
I have your 11/20/97 letter. We must respectfully reject your $210,000 demand. We want to settle this case by paying its value. We have round tabled this case. In a final effort to settle, we will offer $215,000 to settle any and all claims against defendants shown in current complaint.
Twelve days later, the Loves' counsel faxed FIGA an acceptance of the offered $215,000 settlement. The next day, FIGA faxed a reply stating that the offer should have read $115,000. It sought to rescind the $215,000 offer, asserting that it contained an unintended error. The Loves rejected FIGA's attempt to rescind, and moved to confirm the settlement. After a hearing on the Loves' motion, the circuit court entered judgment in their favor for *457 $215,000. FIGA appeals that judgment. We reverse.
Florida law permits a party to rescind a contract based on unilateral mistake unless the mistake results from an inexcusable lack of due care or unless the other party has so detrimentally relied on the contract that it would be inequitable to order rescission. See Maryland Cas. Co. v. Krasnek, 174 So.2d 541 (Fla.1965); U.S. Alliance Corp. v. Tobon, 715 So.2d 1122 (Fla. 3d DCA 1998) (applying rule to settlement agreement). In this case, the circuit court found that FIGA's mistake was the product of an inexcusable lack of due care. We disagree. While FIGA's error certainly involved some degree of negligence, the evidence was not sufficient to support a finding of an inexcusable lack of due care. See Krasnek (noting that insurer's mistake in believing policy was still in existence was result of clerical error, bad communication or otherwise; while some negligence was apparent, it did not preclude rescission); Pennsylvania Nat. Mut. Cas. Ins. Co. v. Anderson, 445 So.2d 612 (Fla. 3d DCA 1984) (holding that while insurer was "almost amusingly inept" when its agent inspected the wrong car on a dealer's lot and settled the insured's claim based on this incorrect inspection, its conduct did not demonstrate an inexcusable lack of due care that would prohibit rescission).
We realize that in many respects this case is similar to BMW of North America, Inc. v. Krathen, 471 So.2d 585 (Fla. 4th DCA 1985), where the court denied rescission, finding that a unilateral mistake in a settlement agreement constituted an inexcusable lack of due care. We distinguish BMW because the evidence there showed an omission of an essential term of the settlement, rather than a clerical error. See Tobon, 715 So.2d at 1124.
As to the second part of the rescission inquiry, the Loves do not argue, and the circuit court did not find, that they relied on the mistaken settlement offer to their detriment. Accordingly, we reverse the order granting the Loves' motion to confirm the settlement, and the final judgment entered in their favor. We remand with instructions to permit FIGA to rescind its offer.
Reversed and remanded.
PARKER, C.J., and BLUE, J., Concur.