753 So.2d 759 (2000)
INVESTMENT BUILDERS OF FLORIDA, INC., a Florida corporation, Appellant,
v.
S.U.S. FOOD MARKET INVESTMENTS, INC., a Florida corporation and Best Value Food Stores, Inc., a Florida corporation, Appellees.
No. 4D98-3934.
District Court of Appeal of Florida, Fourth District.
March 22, 2000.
James K. Pedley, Fort Lauderdale, for appellant.
Debra O. Rubin of Rubin & Rubin, P.A., North Miami, for appellees.
WARNER, C.J.
We affirm the trial court's declaratory judgment granting the tenant relief from its failure to timely renew its lease. Because the president of the corporate tenant was sick, the corporation failed to send in a notice of renewal of the lease until the landlord notified him of his failure eight days after the renewal deadline had passed, at which time the tenant immediately sent him notice that he wished to renew. The landlord refused to renew the lease and as a result the tenant filed a declaratory action. The trial court granted relief from the mistake, based upon Dugan v. Haige, 54 So.2d 201, 202 (Fla. 1951), and Friendship Park Property Corp. v. Shaw, 505 So.2d 456, 458 (Fla. 1st DCA 1987), both of which hold that equity may relieve a tenant against the consequences of failure to give notice to renew a lease where the failure results from accident, fraud, surprise, or mistake, and there *760 are other special circumstances which would warrant a court of equity granting a lease.
In Friendship, the court applied a three part test to determine whether equity should relieve a mistake: (1) the tenant's delay is slight, (2) the delay did not prejudice the landlord, and (3) failure to grant relief would cause the tenant unconscionable hardship. See id. In this case, the trial court found that all three criteria were met. We agree, concluding that a mistake from which equity will relieve a tenant can include some degree of negligence, so long as the mistake is not the result of an inexcusable lack of due care. See Maryland Cas. Co. v. Krasnek, 174 So.2d 541, 543 (Fla.1965)(discussing "mistake" in the context of contract rescission); U.S. Alliance Corp. v. Tobon, 715 So.2d 1122, 1124 (Fla. 3d DCA 1998).
Appellant also claims that the trial court's decision should be reversed because it ignored an oral stipulation that the appellee's president's medical condition would not be an issue in the case. We find that any testimony regarding the medical condition was harmless once the president testified without objection that because of his illness he forgot to send the notice.
Affirmed.
SHAHOOD and GROSS, JJ., concur.