KLEIN, J.
This appeal raises the issue of whether an agreement to settle a lawsuit should be rescinded because plaintiff, through a clerical error in the judge’s office, was not aware when she settled that the court had granted her motion to seek punitive damages. We conclude that plaintiff is bound by the agreement.
Appellant plaintiff sued her deceased husband’s daughter by a former marriage for tortious interference and civil theft. She subsequently moved to amend her complaint to seek punitive damages. Two weeks after the hearing on the motion, plaintiffs counsel called the judge’s office and was informed that the court had not yet ruled. Several weeks after that, the parties signed a settlement agreement during mediation, but unbeknownst to plaintiff, the trial court had previously granted her motion. Because of a clerical error in the court’s office, her counsel’s copy was sent to the wrong address, and he did not receive it until after the settlement.
Plaintiffs counsel then moved to set the agreement aside, based on mistake. Plaintiff did not allege any misrepresentation by the defendant, whose counsel timely received the order. Her position is that the error by the court caused her to make *664 a unilateral mistake in signing the agreement. After an evidentiary hearing the trial court denied the motion, and plaintiff appeals.
Defendant argues that we should affirm without reaching the merits because the plaintiff should have filed an independent action for rescission of the agreement. Rule 1.730(c), however, gives trial courts broad powers to grant relief as to settlement agreements reached through mediation. Croteau v. Operator Serv. Co. of S. Fla., 721 So.2d 386 (Fla. 4th DCA 1998). In addition, Florida courts have routinely permitted issues of enforceability of settlements to be resolved through motions filed in the pending litigation rather than requiring independent actions, even where rule 1.730 did not apply. See, e.g., Dania Jai-Alai Palace, Inc. v. Sykes, 495 So.2d 859 (Fla. 4th DCA 1986); Estate of Tobias v. Barnadby, 804 So.2d 553 (Fla. 3d DCA 2002); Cobb v. Head Mobile Home Sales, Inc., 750 So.2d 127 (Fla. 2d DCA 2000).
We now address the substantive issue, which is whether this contract should have been set aside on the basis of a unilateral mistake. Relief can be granted for such a mistake if (1) the mistake did not result from an inexcusable lack of due care, and (2) defendant’s position did not so change in reliance that it would be unconscionable to set aside the agreement. Maryland Cas. Co. v. Krasnek, 174 So.2d 541 (Fla.1965).
In Krasnek, the insurer settled an accident claim, but prior to the check being cashed, stopped payment because it discovered the policy had lapsed. The insurer sought to rescind the settlement. The Florida Supreme Court held that this was the type of unilateral mistake for which relief could be granted.
In BMW of North America, Inc. v. Krathen, 471 So.2d 585, 588 (Fla. 4th DCA 1985), the automobile manufacturer, in response to a suit claiming that it had sold claimant a $26,500 lemon, served an offer of judgment for $20,500. After claimant accepted, and judgment was entered for that amount, BMW sought relief under rule 1.540 to correct its mistake in failing to include the return of the vehicle as a condition in its offer. The trial court denied relief, and we affirmed, relying on “the trial court’s implied finding of inexcusable lack of due care on the part of BMW’s counsel.”
Plaintiff relies on United States Alliance Corp. v. Tobon, 715 So.2d 1122 (Fla. 3d DCA 1998), in which the court granted relief for a mistake in an offer of judgment on behalf of a corporation which inadvertently omitted the name of the individual defendant, an employee. The Tobon court suggested that this court took too narrow a view in BMW of what can constitute a unilateral mistake. We need not address that contention because none of the above cases support the granting of relief in this case.
Plaintiff has cited no authority which would support relief for a unilateral mistake based on the failure of a party to be aware that a court has ruled on a pending issue. Nor does the Restatement support plaintiff. In § 154(b), Restatement of Contracts (Second) (1979), it is stated:
When a Party Bears the Risk of a Mistake. A party bears the risk of a mistake when
% * *
(b) he is aware, at the time the contract is made, that he has only limited knowledge with respect to the facts to which the mistake relates but treats his limited knowledge as sufficient, ...
*665 See Orkin Exterminating Co. v. Palm Beach Hotel Condo. Ass’n, 454 So.2d 697 (Fla. 4th DCA 1984)(applying § 154).
We are skeptical, as was the trial court, that the pending motion to amend was a significant fact relevant to the settlement, since plaintiff was willing to settle without bothering to find out if the court had ruled. If it was significant, plaintiffs failure to ascertain whether the court had ruled is the type of inexcusable neglect which would bar relief under Krasnek and the Restatement. Affirmed.
POLEN, C.J., and TAYLOR, J., concur.