STEVENSON, C.J.
Appellants, Passport Leasing Corporation and its employee, Michael Gaddis, (collectively referred to as “Passport Leasing”), appeal a final order granting a motion to compel a settlement agreement. We affirm the order appealed, but write to address Passport Leasing’s argument that the failure to include the name of one of the appellees on the settlement proposal constituted excusable neglect.
Appellees, Bernard and Victoria Zimmerman, sued the appellants for damages arising out of an automobile accident between Bernard Zimmerman and Michael Gaddis, who was driving a car owned by Passport Leasing. The first count of the two-count complaint sought damages for Mr. Zimmerman’s pain and suffering. Count two, a derivative claim, was brought by Victoria Zimmerman and sought damages for the loss of her husband’s companionship and services.
On May 12, 2004, and again on September 1, 2004, Passport Leasing filed notices of serving Mr. Zimmerman with a proposal for settlement. These pleadings do not mention Mrs. Zimmerman. The latter proposal offered Mr. Zimmerman $25,000 “to resolve all of the claims for the affirmative relief made by the Plaintiff, Bernard Zimmerman.” But, as a condition of settling, Passport Leasing required Mr. Zimmerman to dismiss with prejudice his action against Passport Leasing and to execute a general release. A month after accepting the offer, Zimmerman moved to enforce the settlement agreement and for the trial court to enter a judgment in his favor. Shortly thereafter, Passport Leasing served Mr. and Mrs. Zimmerman with a settlement proposal and Mr. Zimmerman again moved to enforce the previously-accepted settlement.
At the pretrial conference, counsel for Passport Leasing asserted that she informed Mr. Zimmerman, before he accepted the proposal, that the proposal was also intended to settle his wife’s claims. Counsel also contended that the settlement proposal was unenforceable because the non-monetary terms lacked specificity and the proposal was not attached to either the general release or the stipulation of dismissal. When granting Mr. Zimmerman’s motion, the trial court determined that although the proposal’s use of the term “general release” was “ill-advised,” the settlement agreement was nevertheless enforceable because “the parties understood the language used.”
Passport Leasing asserts that the settlement agreement should be rescinded because it is the result of a unilateral mistake. Relief can be granted for a “unilateral” mistake if “(1) the mistake did not result from an inexcusable lack of due care, and (2) defendant’s position did not so change in reliance that it would be unconscionable to set aside the agreement.” Stamato v. Stamato, 818 So.2d 662, 664 (Fla. 4th DCA 2002) (referencing Maryland Cas. Co. v. Krasnek, 174 So.2d *662 541 (Fla.1965)). This court has previously found that inexcusable neglect occurred when a party omits a material term from an offer of judgment. See BMW of N. Am., Inc. v. Krathen, 471 So.2d 585 (Fla. 4th DCA 1985) (holding car dealer’s failure to include, in offer of judgment, condition that buyers return car to dealer was unilateral mistake resulting from an “inexcusable lack of due care”); see also Stamato, 818 So.2d at 665 (holding party’s failure to check the court’s docket before entering into a settlement constituted inexcusable neglect).
Relying on U.S. Alliance Corp. v. Tobon, 715 So.2d 1122 (Fla. 3d DCA 1998), Passport Leasing urges us to find that the omission of Mrs. Zimmerman’s name was not inexcusable. We find Passport Leasing’s claim distinguishable from Tobon. There, the parties appeared before the trial judge and negotiated a settlement agreement that would resolve all issues in the case. See id. at 1123. Shortly after the written offer of judgment was accepted following the hearing, the appellant discovered that a part/s name was inadvertently omitted from the written offer. Id. The Third District held that the clerical error was not the result of inexcusable neglect, stating “it was ‘inconceivable’ that counsel ... intended to settle only [one party’s claims] for the same amount.” Id. at 1124. Since the error was inadvertent and known by the appellees’ counsel when the offer was received, the Third District permitted the appellant to have the offer of judgment set aside. Id.
In an apparent attempt to analogize Tobon to the facts before this court, Passport Leasing’s counsel argued during oral argument that all of the prior offers were to settle both claims. That argument is not supported by the record on appeal. Moreover, since unsworn allegations of counsel are not evidence, the record does not support the assertion of Passport Leasing’s trial counsel that she explained the error before Mr. Zimmerman accepted the offer. See Faircloth v. Bliss, 917 So.2d 1005, 1006-07 (Fla. 4th DCA 2006) (“Unsworn statements by attorneys are usually not considered as evidence by trial courts unless stipulated to by both parties.”). Based on the evidence presented, this case is analogous to BMW, where we stated that “the omission of what is now claimed to be an essential term, cannot be characterized as a minor, inadvertent error.” 471 So.2d at 588. Accordingly, we affirm the order appealed.

Affirmed.

WARNER and TAYLOR, JJ., concur.