DELL, Judge.
The Department of Banking and Finance (“Department”) appeals from an amended final judgment entered after this court affirmed and issued its mandate in Tire Kingdom, Inc. d/b/a Tire Kingdom, v. Theresa Bland Edwards, 662 So.2d 945 (Fla. 4th DCA 1995). We reverse and remand.
Appellee (“Edwards”) filed suit against Tire Kingdom for the cost of a new replacement tire and punitive damages for alleged fraud and deceit. On March 18, 1994, the jury awarded compensatory damages and also awarded punitive damages in the *940 amount of $5,250.00. The trial court’s final judgment provided:
Pursuant to Florida Statute 768.73, in an award of punitive damages, sixty-five (65%) percent of the award is payable to the claimant and thirty-five (35%) percent of the award is payable to the State of Florida General Revenue Fund. Based upon Florida Statute 768.73, punitive damages shall be payable as follows: $3,412.50 to Plaintiff, THERESA BLAND EDWARDS, and $1,837.50 to State of Florida General Revenue Fund.
After the jury verdict, the Department intervened in the trial court proceedings pursuant to section 768.73(5), Fla. Stat. (1993). Tire Kingdom timely appealed the award of punitive damages. Neither Edwards nor Tire Kingdom challenged the apportionment of the punitive damage award. This court affirmed the final judgment without opinion on October 25,1995, and issued a mandate on November 13, 1995. Thereafter, Edwards filed a motion to amend the judgment. She argued entitlement to the full amount of the punitive damage award due to the repeal of section 768.73(2), Florida Statutes (1993), by operation of law effective July 1, 1995. On January 17, 1996, the trial court granted Edwards’ motion and amended the final judgment to provide her with the full amount of the punitive damage award.
The trial court apparently entered the amended final judgment pursuant to Florida Rule of Civil Procedure 1.540(b) (1993). Edwards correctly asserts that the trial court had jurisdiction pursuant to rule 1.540(b) to consider her motion to amend the final judgment. See Ohio Cas. Group v. Parrish, 350 So.2d 466 (Fla.1977). However, no substantive change was made to the statute between the time the claim accrued in 1992 and the rendition of the original final judgment.[1] Therefore, we hold that the repeal of section 768.73(2) did not constitute a valid reason for relief under rule 1.540(b).
We also hold that because the verdict and final judgment awarding the Department a portion of the punitive damages were both rendered before the repeal of the statute, the award vested subject to appellate review. See Division of Worker’s Comp., Bureau of Crimes Comp. v. Brevda, 420 So.2d 887 (Fla. 1st DCA 1982). After this court affirmed the judgment, in the absence of a valid ground for relief from judgment pursuant to rule 1.540(b), the trial court did not have authority to divest the Department of its entitlement to the punitive damage award.
Accordingly, we reverse the amended final judgment. We remand this cause and direct the trial court to reinstate the original final judgment.
REVERSED AND REMANDED.
GLICKSTEIN and SHAHOOD, JJ., concur.

. The amendment to section 768.73(2) provided that it “shall take effect [April 8, 1992] and apply to pending cases and causes of action in which a judgment has not been entered.” § 768.73(2)n.l, Fla. Stat. (1992).