816 So.2d 658 (2002)
TILDEN GROVES HOLDING CORP., Appellant,
v.
ORLANDO/ORANGE COUNTY EXPRESSWAY, etc., et al., Appellees.
No. 5D00-3618.
District Court of Appeal of Florida, Fifth District.
March 8, 2002.
Rehearing Denied May 21, 2002.
*659 Craig B. Willis of Fixel & Maguire, P.A., Tallahassee, for Appellant.
C. Ken Bishop and Richard N. Milian of Broad & Cassel, P.A., Orlando, for Appellees.
THOMPSON, C.J.
Tilden Groves Holding Corporation (Tilden Groves) appeals from a non-final order granting the Orlando/Orange County Expressway Authority's (Expressway Authority) Florida Rule of Civil Procedure 1.540 motion to set aside a stipulated final judgment. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(5).
The Expressway Authority filed its petition in eminent domain seeking to condemn certain real property owned by Tilden Groves. Tilden Groves leased the property to Manheim Remarketing Limited Partnership, a Florida Limited Partnership d/b/a Florida Auto Auction of Orlando and Florida Auto Auction of Orlando, Inc. (Auto Auction). Tilden Groves and the Expressway Authority stipulated to an order of taking which entitled the Expressway Authority to take possession of Tilden Groves's property rights. Auto Auction and the Expressway Authority then entered a stipulated order of taking as to Auto Auction's leasehold rights to the property. This left the value of the parties' interests to be determined. Tilden Groves and Auto Auction were represented by separate counsel from the outset of this proceeding.
Tilden Groves and the Expressway Authority reached a mediated settlement agreement that read in part:
Petitioner [Expressway Authority] will pay to Respondent, TILDEN GROVES HOLDING CORPORATION, a Florida corporation, the sum of (2,378,350.00) two million three hundred seventy eight [thousand] three hundred fifty, in full settlement of all claims for compensation from Petitioner, including statutory interest, but excluding attorney's fees, expert's fees, costs and expenses.
* * *
That this settlement agreement and the resulting proposed Stipulated Final Judgment referenced herein are based on Petitioner's construction plans and specifications ... as said plans so supplemented relate to parcel 61-152 and its remainder, being implemented by Petitioner.[1]
*660 A stipulated final judgment was submitted to the trial court and entered. The judgment reflected the terms of the settlement agreement. The judgment did not address Auto Auction or its interest in the property.[2]
Several months after the judgment was entered, the Expressway Authority filed its "Motion to Require Apportionment of Funds or, in the Alternative, To Set Aside Final Judgment." The Expressway Authority contended that Auto Auction should be bound by the settlement agreement and that a portion of the monies the Expressway Authority had agreed to pay Tilden Groves should be set aside to satisfy the taking of Auto Auction's interest. The trial court granted the Expressway Authority's Florida Rule of Civil Procedure 1.540(b) motion. Tilden Groves appeals the order setting aside the final judgment.
Generally, the standard of review of an order entered pursuant to Rule 1.540(b)[3] is gross abuse of discretion. See Bonizo Properties, N.V., Hanwood Investments, N.V. v. Schroeder, 528 So.2d 1304, 1305 (Fla. 4th DCA 1988) (quoting Schwab & Co. v. Breezy Bay, Inc., 360 So.2d 117 (Fla. 3d DCA 1978)). There is a more stringent standard of review, however, when the final judgment to be vacated follows a mediated settlement agreement:
[C]ases settled in mediation are especially unsuited for the liberal application of a rule [Rule 1.540(b)]allowing rescission of a settlement agreement based on unilateral mistake. Mediation, like arbitration, is an alternative dispute resolution device. It is not to be engaged in casually or carelessly.
Sponga v. Warro, 698 So.2d 621, 625 (Fla. 5th DCA 1997) (emphasis in original); see also Smiles v. Young, 271 So.2d 798, 799 (Fla. 3d DCA 1973) (presuming that trial court intended to vacate settlement agreement as well as final judgment, and noting that more stringent principles of law apply in setting aside a contract than in setting aside a judgment). In the instant case, as in Smiles, it must be presumed that the trial court also was setting aside the settlement *661 agreement, thus the more stringent standard of review applies.
The Expressway Authority submits that when it negotiated this settlement, it believed it was negotiating the entire value of the property, including the rights of both Tilden Groves and Auto Auction.[4] The language of the settlement agreement is clear, unambiguous, and completely undercuts that assertion. The Expressway Authority expressly agreed to pay Tilden Groves $ 2,378,350.00 and there was no reference to Tilden Groves then paying a portion of that amount to Auto Auction. Obviously, this was a significant mistake.
In certain instances, Florida law allows agreements to be rescinded due to unilateral mistake. See Md. Casualty Co. v. Krasnek, 174 So.2d 541, 542 (Fla.1965). This mistake, however, does not allow for that resolution. Compare BMW of North America, Inc. v. Krathen, 471 So.2d 585 (Fla. 4th DCA 1985). The order vacating the final judgment is reversed and the final judgment is reinstated.
REVERSED and REMANDED for proceedings consistent herewith.
ORFINGER, R.B., J., concurs.
SHARP, W., J., dissents, with opinion.
SHARP, W., J., dissenting.
In my view, the trial judge should be affirmed in his determination that the Stipulated Final Judgment and the underlying mediated settlement agreement on which the judgment was based, should be set aside based on mistake. At the end of the hearing on the Expressway's motion to either set aside the judgment pursuant to Florida Rule of Civil Procedure 1.540(b), or allow apportionment to compensate the leasehold claimant, Auto Auction, against the 2.3 million dollars awarded to Tilden Groves, the court concluded that both parties, the Expressway as well as Tilden Groves, had been operating under different concepts as to what was being mediated, and accordingly there was no meeting of the minds.
Tilden urged that it thought the mediated sum of 2.3 million was to compensate it for its fee interest in the condemned parcel, which did not include any compensation for Auto Auction's leasehold interest. The Expressway urged that the mediation was to determine the value of the total fee, and that out of that sum the Auto Auction's leasehold interest would later be determined or apportioned by the court in subsequent proceedings.
The mediation proceeding did not mention Auto Auction's interest, nor was it a party to the mediation settlement. The majority opinion analysis stops at this point and concludes since the settlement did not bind the Auto Auction, the Expressway loses. But the real issue here, is whether the trial court breached its discretion in concluding the settlement was based on a mistake for which relief should be granted.
The court found that this was not such a gross error or mistake on the part of the Expressway as to make it inappropriate for equitable relief, because of the case law and eminent domain practice and procedure well established in this jurisdiction, known as the "undivided fee rule." As explained in Division of Administration, State of Florida v. Allen, 447 So.2d 1383 (Fla. 5th DCA 1984),[1] separate jury trials on the issue of compensation for various *662 kinds of interests in property being condemned are not allowed. The total fee simple value of the property is determined first and other interests, such as a leasehold interests, are apportioned out of that amount in supplemental proceedings by the court. Thus a final judgment is typically entered in eminent domain cases which is all inclusive and resolves the total fee value. Subsequently, the trial court determines the other bundle of rights' values and apportions those interests later, out of the total fee award. Based on this practice, it is understandable why the parties were confused about the subject matter of the mediation.
In this case, the attorney for the Expressway pointed out to the court that no party, including Tilden Groves, offered an appraisal at the mediation or otherwise which attempted to value Tilden Groves' fee interest, less the value of the Auto Auction's leasehold. The only paperwork or appraisals present at the mediation involved the total fee value. All parties must have realized Tilden was not entitled to receive the full amount, since there was a lessee involved. The attorney also pointed out that the settlement agreement had an addendum intended solely for Tilden Groves' benefit which specified that the settlement was based on $80,000 per acre and set a specific value for severance damages. The only purpose for this addendum was to assist Tilden Groves in later apportioning the value of the Auto Auction's leasehold, in a subsequent proceeding with Auto Auction. In addition, the final judgment recited that the 2.3 million was in full settlement of all claims for compensation from Petitioner (Expressway) for the property taken and for all damages of any kind and nature.
The attorneys for Tilden Groves and Auto Auction argued that the proper procedure to follow at this point would be to allow Auto Auction to proceed to a jury trial to determine the value of the fee interest in toto, although it only has a leasehold interest. If the jury determines it is less than 2.3 million, Auto Auction would receive nothing, but if the jury determines it is more than 2.3 million it would receive the overage. Attorneys for the Expressway pointed out there is no case in Florida which has employed such a procedure: two separate adjudications of the value of the fee, which bases the lessee's interest not on a proper valuation of the lease hold, but on the difference between fee values. It will be a bizarre lawsuit and one without precedent.
The trial judge concluded that based on the "unity" or "undivided fee" rule he could understand how that practice led to the mistake that occurred in this case. The judge said: "Frankly I can understand the unity rule. To me it's so elementary to everybody in this business that I can see how they felt that they were doing what they did ..."
The standard of appellate review in this case is deferential to the findings of the trial court when based on determination of facts.[2] We must start with the proposition that an honest mistake of fact was made here, as to what was being mediated, and that it went to the substance or the essence of the parties' agreement. Further, we must take as a given, that the mistake was not gross and out of the ball park of equitable mistake forgiveness, but rather it was based on the way eminent domain cases are handled in this jurisdiction.
*663 In that context, I submit, we should affirm. Rule 1.540(b) permits the granting of relief for factual mistakes, unilateral as well as on both sides.[3] Even if this case is viewed as a unilateral mistake on the part of the Expressway, Florida follows the minority rule which permits relief to be granted from a negotiated contract for a unilateral mistake. See Maryland Cas. Co. v. Krasnek, 174 So.2d 541 (Fla.1965); United States Alliance Corp. v. Tobon, 715 So.2d 1122 (Fla. 3d DCA 1998); Lakes of the Meadow Village Homes Condominium v. Arvida/JMB Partners, 714 So.2d 1120 (Fla. 3d DCA 1998). One exception to this rule is where the mistake was caused by the inexcusable lack of due care by counsel, but only if the error was not the result of generally accepted practices and amenities among the local bar.[4] However, this latter qualification appears to have been met in this case, based on the trial court's findings.
The "law of mistake" is an ancient equitable doctrine. Its general principles have developed, redeveloped and evolved to such an extent it is difficult to state succinctly what it is.[5] As a result, the application of its various general principles to various cases is not without conflict.[6] This has produced many vigorous appellate dissents in Florida.[7] Although appellate judges deny they fail to give deference to trial judges or chancellors, it appears in essence they are ruling de novothis is or is not the kind of "mistake" for which equity will permit relief, without much analysis. And, there is considerable disagreement about what kind of a mistake is appropriate for relief. Hence my dissent.
This case reminds me of the situation described by Judge Walden in BMW of North America, Inc. v. Krathen, 471 So.2d 585 (Fla. 4th DCA 1985). The events here could be likened to a cashier who makes a mistake and gives a customer too much change. Aware of the mistake, the customer pockets and keeps the excess, saying well too bad you made a unilateral mistake. And the next customer claims the cashier should pay his bill as well.
NOTES
[1] Notably, another provision of the settlement agreement originally read "No additional fees, costs or compensation of any kind shall be paid by the Petitioner to or for any of the Respondents served in this cause except reasonable expert fees and costs of Respondents and no other attorney's fees shall be awarded, except that this Court shall reserve jurisdiction to award attorney's fees ...." (underlining added.) The underlined portions of this provision, however, were stricken and handwritten notations were substituted. Above the first stricken portion was written "Parties to this mediation" and above the second portion was written "as to the parties to this mediation." The implication of the new language is clearwhereas the agreement as originally drafted could have allowed an interpretation that Auto Auction (as a respondent) was part of the settlement agreement, the new language emphasizes that only the Expressway Authority and Tilden Groves were parties to the settlement agreement. The fact that these two changes were made in handwriting emphasizes that when the parties entered the agreement they knew that Auto Auction and its recovery were not in issue. Thus, the Expressway Authority's later position that this mistake was the result of its attorney's misplaced reliance on the generally accepted practices of the local bar concerning the "undivided fee" rule is made untenable by the terms of the settlement agreement.
[2] Auto Auction did not take part in the mediation and the mediated agreement was only between the Expressway Authority and Tilden Groves.
[3] Florida Rule of Civil Procedure 1.540(b) reads:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court.
Fla.R.Civ.P. 1.540(b) (emphasis added).
[4] The Expressway Authority frames the argument as such in order to make this an eminent domain issue. It is not an eminent domain issue; it is an issue of contract law.
[1] Hartleb v. State, Department of Transportation, 677 So.2d 336 (Fla. 4th DCA 1996).
[2] See, e.g., Seminole County Bd. of County Com'rs v. Long, 422 So.2d 938 (Fla. 5th DCA 1982).
[3] Berman, Florida Civil Practice at 652.
[4] See BMW of North America, Inc. v. Krathen, 471 So.2d 585 (Fla. 4th DCA 1985).
[5] See Maryland Casualty Co. v. Krasnek, 174 So.2d 541 (Fla.1965).
[6] 27 AmJur.2d, Equity at 530.
[7] See, e.g., Langley v. Irons Land and Development Corp., 114 So. 769 (Fla.1927); Crosby v. Andrews, 61 Fla. 554, 55 So. 57 (1911), (Shackleford, J., dissenting); BMW of North America, Inc. v. Krathen, 471 So.2d 585 (Fla. 4th DCA 1985) (Walden, J., dissenting).