885 So.2d 899 (2004)
Wesley SNIPES, Appellant,
v.
CHASE MANHATTAN MORTGAGE CORPORATION, et al., Appellees.
No. 5D03-3324.
District Court of Appeal of Florida, Fifth District.
September 17, 2004.
Rehearing Denied November 4, 2004.
Rodney L. Russell of Russell Law Offices, P.A., Orlando, for Appellant.
Iris G. Hernandez of Spear and Hoffman, P.A., Coral Gables, for Appellee, Chase Manhattan Mortgage Corp.
Tara C. Early and Michael J. Gasdick of Stanton & Gasdick, P.A., Orlando, for Appellees, Consolidated Acquisition Services, *900 LLC, Surna Construction, Inc. and South Investment Properties, Inc.
ORFINGER, J.
Wesley Snipes appeals the denial of various post-trial motions, following the entry of a final judgment of foreclosure against him. Reduced to its essence, Snipes contends that the trial court erred by concluding that he voluntarily appeared in the action, thereby subjecting himself to the court's jurisdiction, and further erred when it failed to set aside the final judgment because he had valid defenses to Chase Manhattan's foreclosure complaint. We affirm.
Our standard of review of an order ruling on a motion for relief from judgment filed under Florida Rule of Civil Procedure 1.540(b) is whether there has been an abuse of the trial court's discretion. Tilden Groves Holding Corp. v. Orlando/Orange County Expressway, 816 So.2d 658 (Fla. 5th DCA 2002). Here, Snipes filed a pro se "Notice of Waiver of Service of Process and Notice of Appearance," waiving formal service of process and entering a notice of general appearance in the foreclosure action. Snipes's notice of general appearance acted as a waiver of any claim he might have based on a lack of personal jurisdiction. See McKelvey v. McKelvey, 323 So.2d 651, 653 (Fla. 3d DCA 1976) (holding that a general appearance ordinarily will be affected by making a motion involving the merits of plaintiff's claim and his right to maintain the suit and secure the relief sought).
Snipes further argues entitlement to relief, contending that he had meritorious defenses to the mortgage foreclosure action. Snipes's contention notwithstanding, his failure to take the steps necessary to protect his own interest during the litigation cannot, standing alone, be grounds to vacate judicially authorized acts to the detriment of other innocent parties. "The law requires certain diligence of those subject to it, and this diligence cannot be lightly excused." John Crescent, Inc. v. Schwartz, 382 So.2d 383, 385 (Fla. 4th DCA 1980).
Finding no abuse of discretion on the trial court's part, the order on appeal is affirmed.
AFFIRMED.
PETERSON and GRIFFIN, JJ., concur.