CORTINAS, Judge.
Plaintiffs, Dominick Nesci, Ruth Nesci, and Lidsky, Vaccaro & Montes, Attorneys at Law, P.A., appeal from an adverse final judgment, awarding the defendant, Natha-lie Duffau (“Duffau”), attorney’s fees and costs. We reverse.
On October 30, 1998, Dominick Nesci (“Nesci”) slipped while conducting a fire sprinkler inspection at a condominium owned and managed by All Seasons Hotel Condominium Association, Inc. (“All Seasons”). Nesci slipped because a worker, Maximillian Bond (“Bond”), had applied a slippery substance to the floor. It was unclear whether Bond was an employee of All Seasons or an employee of Duffau, the owner of the condominium units.
On May 29, 2001, Nesci filed a lawsuit against All Seasons and Duffau. After Bond’s deposition, All Seasons settled with Nesci for $18,000. On April 9, 2003, the trial court entered an order dismissing the claim against All Seasons. Duffau’s name was not included in the settlement and notice of dismissal, which were prepared by All Seasons’ counsel. Nesci, nevertheless, filed a notice of voluntary dismissal against Duffau. In response, on April 10, 2003, Duffau filed a motion to strike a clause in Nesci’s notice of voluntary dismissal, which provided that both sides would pay their own attorney’s fees. On May 29, 2003, Duffau’s motion to strike was granted.
Duffau filed a motion for attorney’s fees and costs on the same day that her motion was granted, which was forty-four (44) days after Plaintiffs filed their notice of voluntary dismissal against Duffau. On September 30, 2003, at a motion calendar hearing, the trial court granted Duffau’s motion for attorney’s fees and costs based on section 57.105, Florida Statutes (2003). The trial court rejected Plaintiffs’ subsequent motion for reconsideration on the basis that the trial court did not conduct an evidentiary hearing before ruling on the motion. After a fee hearing, the trial court entered an amended final judgment, including $1,000 in attorney’s fees and costs, in favor of Duffau. Plaintiffs contend that the trial court abused its discretion in awarding attorney’s fees and costs to Duffau.
This court reviews the awarding of attorney’s fees and costs, pursuant to section 57.105, for abuse of discretion. See Dep’t of Revenue v. Yambert, 883 So.2d 881, 883 (Fla. 5th DCA 2004)(citing Gahn v. Holiday Property Bond, Ltd., 826 So.2d 423 (Fla. 2d DCA 2002)); Tilden Groves Holding Corp. v. Orlando/Orange County *661 Expressway, 816 So.2d 658, 660 (Fla. 5th DCA 2002).
Based on the evidence in the record, we find no basis to conclude that Plaintiffs filed a lawsuit against Duffau knowing that the claim was not supported by the material facts necessary to establish the claim or not supported by the application of law to those facts as required by section 57.105. On the contrary, the evidence shows that Plaintiffs filed a lawsuit against Duffau under the reasonable belief that Bond worked for Duffau but, upon learning that was not the case in taking Bond’s deposition, they voluntarily dismissed the lawsuit against Duffau. Under these circumstances and facts, the trial court abused its discretion in awarding attorney’s fees to Duffau under section 57.105.
Reversed.