972 So.2d 965 (2007)
Neil LEFF and Physicians Financial Consultants Corporation, Appellants,
v.
Steven ECKER, M.D., Appellee.
No. 3D06-2175.
District Court of Appeal of Florida, Third District.
December 19, 2007.
Rehearing and Rehearing Denied February 7, 2008.
*966 Rumberger, Kirk & Caldwell, P.A., and Stuart L. Cohen, and Michael R. Holt, and Eric L. McAliley, Miami, for appellant.
Hall, Lamb and Hall, P.A., and Adam S. Hall, Miami, and Andrew Hall, for appellee.
Before GREEN, SHEPHERD, and SUAREZ, JJ.
Rehearing and Rehearing En Banc Denied February 7, 2008.
PER CURIAM.
Defendants, Neil Leff and Physicians Financial Consultants Corporation, appeal an order denying their renewed motion to enforce settlement agreement. We reverse.
We are not persuaded by the plaintiff's argument that mutual mistake allows him to avoid the parties' agreement, reached after a mediation conference. A party may avoid a contract by proving mutual mistake regarding a basic assump tion underlying the contract. Rawson v. UMLIC VP, L.L.C., 933 So.2d 1206, 1210 (Fla. 1st DCA 2006). However, to prevail on this basis the party must also show he did not bear the risk of a mistake. Id. A party to an agreement bears the risk of a mistake when "he is aware, at the time the contract is made, that he has only limited knowledge with respect to the facts to which the mistake relates but treats his limited knowledge as sufficient." Rawson, 933 So.2d at 1210 (citing Restatement (Second) of Contracts, § 154 (1979)).
In this case the record amply establishes that plaintiff went into the mediation conference without a clear picture of what the policy limits were for the incidents in question. In fact, this was plaintiffs first question at mediation. Notwithstanding this limited knowledge, plaintiff chose to go ahead with the mediation and entered into an agreement at the end thereof. Despite his admitted suspicions about the policy limits, plaintiff made the decision to enter into the agreement.
The doctrine of mutual mistake was not created to relieve litigants of agreements entered into improvidently. The all-out efforts plaintiff later engaged in to go behind the policy and ascertain, without question, what policies applied and what policy limits were, could have been performed before the mediation. The situation in this appeal would have been avoided.
Based on the foregoing, we reverse the order and remand for entry of an order enforcing the settlement agreement.
Reversed and remanded.