975 So.2d 1190 (2008)
David Warrens TANNER, Former Husband, Appellant,
v.
Maria Baeza TANNER, Former Wife, Appellee.
No. 1D07-4962.
District Court of Appeal of Florida, First District.
March 6, 2008.
Bryan S. Gowdy and John S. Mills of Mills & Creed, Jacksonville; Jeanine B. Sasser, Jacksonville, for Appellant.
Diana S. Farhat, Jacksonville, and James J. Taylor, Jr., of Taylor & Taylor, Keystone Heights, for Appellee.
PER CURIAM.
The former husband seeks review of an order setting aside a consent final judgment dissolving the parties' marriage. The trial court based its decision on findings that, notwithstanding a sworn written statement by the former wife that she "entered into th[e] agreement freely *1191 and voluntarily," "there was overreaching in the agreement and mis-representation [sic] by the Husband of the nature of the proceedings as non-adversarial." Having carefully reviewed all of the evidence presented to the trial court, we conclude that no reasonable person could have reached the conclusion reached by the trial court and that, accordingly, the trial court abused its discretion. There is no evidence even of a bad bargain on the part of the former wife; rather, the evidence establishes nothing more than that, upon reflection, the former wife felt the terms of the agreement were not in her best interest. "Buyer's remorse" is not a sufficient basis for overturning a marital settlement agreement freely and voluntarily entered into. See generally Casto v. Casto, 508 So.2d 330 (Fla.1987). The order setting aside the consent final judgment dissolving the parties' marriage is reversed.
REVERSED.
WEBSTER, BENTON, and POLSTON, JJ., concur.