ROTHENBERG, J.
 

 Moralinda Rachid appeals the order denying her motion for rehearing and her motion to set aside the order granting the motion to enforce the mediated settlement agreement. Because we find that the trial court did not abuse its discretion in concluding that Rachid presented no valid basis for relief, we affirm.
 

 In 1978, Rachid and Arnaldo Martell, the Decedent, entered into a prenuptial agreement, which provided that the past, present and future property of each spouse would remain the property of the respective spouse. Martell died in 2006 while divorce proceedings were pending. Ra-chid sought an elective share of the Decedent’s estate, among other property. The trial court ordered mediation; the parties reached a mediated settlement; and the trial court approved the agreement. When Rachid failed to comply with the settlement agreement, the personal representative of the estate moved to enforce the settlement.
 
 [1]
 

 Just prior to the hearing, Rachid moved for a continuance “to review the documentation relevant to this matter.” The motion was denied. At the hearing, Rachid’s counsel advised the trial court that he had a conflict of interest and could not take a position on the motion. Rachid testified that she wanted more time to consult with another attorney and to investigate the settlement and the prenuptial agreement. She contended that she had not been given enough information on the value of some of the Decedent’s assets and that her attorney told her she could file an appeal after she settled.
 

 The trial court granted the motion to enforce the settlement agreement. Rachid did not appeal this order. Instead, she hired new counsel who filed an emergency motion to stay the proceedings and a motion for rehearing and to set aside the order granting the motion to enforce the mediated settlement agreement. In her motions, Rachid raised the conflict issue, alleged that she was uninformed or misunderstood significant facts, and questioned the validity of the prenuptial agreement. The motions were denied. This appeal followed.
 

 Rachid seeks rescission of the settlement agreement based upon unilateral mistake. Because her appeal is directed to the order denying her motion for rehearing and a denial of her motion to set aside the order granting the motion to enforce the mediated settlement, the standard of review is gross abuse of discretion.
 
 LPP Mortgage Ltd. v. Bank of Am., N.A.,
 
 826 So.2d 462, 463-64 (Fla. 3d DCA 2002) (holding that whether relief should be granted ... is a fact specific question and the trial courts ruling should not be dis
 
 *72
 
 turbed on appeal absent a gross abuse of discretion). We additionally note that [t]here is a more stringent standard of review, however, when the final judgment to be vacated follows a mediated settlement agreement.
 
 Tilden Groves Holding Corp. v. Orlando/Orange County Expressway,
 
 816 So.2d 658, 660 (Fla. 5th DCA 2002).
 

 We begin our analysis with Ra-chid’s failure to present the legal argument of unilateral mistake below. To preserve an issue for appellate review, it “must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation.”
 
 Roth v. Cohen,
 
 941 So.2d 496, 500 (Fla. 3d DCA 2006) (quoting
 
 Archer v. State,
 
 613 So.2d 446, 448 (Fla.1993)). Because Rachid failed to raise the argument of unilateral mistake at the trial court level, this issue is not preserved and not properly before this Court.
 

 Even if Rachid had preserved the issue of unilateral mistake, we would affirm. First, Rachid’s burden when seeking rescission of a settlement agreement on this legal theory is a particularly difficult one.
 
 See Tilden Groves,
 
 816 So.2d at 660 (“[Clases settled in mediation are especially unsuited for the liberal application of a rule allowing rescission of a settlement agreement based on unilateral mistake.”);
 
 see also Sponga v. Warro,
 
 698 So.2d 621, 625 (Fla. 5th DCA 1997).
 

 Second, Rachid’s argument is without merit as the record does not support the legal remedy of rescission on the basis that the settlement agreement was the product of a unilateral mistake. Under Florida law, the party seeking rescission based on unilateral mistake must establish that:
 

 (1) the mistake was induced by the party seeking to benefit from the mistake, (2) thei’e is no negligence or want of due care on the part of the party seeking a return to the status quo, (3) denial of release from the agreement would be inequitable, and (4) the position of the opposing party has not so changed that granting the relief would be unjust.
 

 Lechuga v. Flanigan’s Enters., Inc.,
 
 533 So.2d 856, 857 (Fla. 3d DCA 1988). Here, Rachid does not claim that any party misled or induced her to enter into the settlement agreement. Rather, she contends that her attorney misled or induced her. Thus, her claim fails as a matter of law. Rachid also cannot demonstrate that there was “no negligence or want of due care” on her part because she had an obligation to read and know the legal parameters regarding the validity and application of the prenuptial agreement prior to mediation.
 
 Leff v. Ecker,
 
 972 So.2d 965 (Fla. 3d DCA 2007) (holding that where the plaintiff entered into a mediated settlement agreement with a limited knowledge of the relevant facts, the plaintiff bore the risk of mistake). Additionally, Rachid was represented by counsel at mediation, and she failed to demonstrate that denial of rescission would be inequitable or that granting relief would be unjust. Thus, we conclude that even if Rachid had properly preserved her claim of unilateral mistake, on appellate review her claim would have failed on the merits.
 

 We, therefore, address the argument that Rachid did raise — that there was no meeting of the minds. As to the trial court’s rejection of this argument, we find no abuse of discretion.
 
 See Tanner v. Tanner,
 
 975 So.2d 1190 (Fla. 1st DCA 2008) (holding that “ ‘[bjuyei^’s remorse’ is not a sufficient basis for overturning a marital settlement agreement freely and voluntarily entered into”);
 
 see also BMW of N. Am., Inc. v. Krathen,
 
 471 So.2d 585 (Fla. 4th DCA 1985) (rejecting BMW’s appeal to set aside a judgment based on
 
 *73
 
 BMW’s failure to include a condition in its settlement offer). We therefore affirm the order under review.
 

 Affirmed.
 

 [1]
 

 . The settlement provided that Rachid would receive $300,000 in exchange for relinquishing her interest in two parcels of real property and the financial accounts of the Decedent and acknowledging the validity and enforceability of the Decedent's will and trust.