SWANSON, J.
Appellant, Tamra E. Pierce, brings this appeal from the trial court’s Order Granting Petition for Administration of Estate, challenging an earlier, non-final, order denying her motion to enforce a mediated settlement agreement.* For the following reasons, we reverse.
Appellant and appellee, Linda Pierce, are sisters who have been embroiled in a bitter will contest since the death of their mother. In an effort to resolve their disputes, they sought mediation, with their respective lawyers in attendance, and reached a settlement agreement on July 24, 2009. Unfortunately, within hours of executing the agreement, appellee apparently doubted the wisdom of her decision. Six days later, on July 30, 2009, she filed a motion to vacate the settlement agreement, claiming she was coerced into signing it after the mediator allegedly denied her request to take the agreement home over the weekend in order to study it. On September 17, 2009, appellant responded by filing a motion to enforce the settlement agreement. After a lengthy hearing, with much testimony from the parties involved in the mediation process, a predecessor judge entered the order now under review.
In that order, the trial judge found ap-pellee had, in fact, requested additional time to review the agreement but, “this additional time was not provided, not because of any nefarious dealings or subterfuge but rather due to the fact that the final signing by the parties came at the end of a prolonged Friday mediation session.” (Emphasis added.) The judge continued:
The Court believes that the request for additional time to review was not given the priority or emphasis it should have because Ms. Linda Pierce was fatigued and emotionally distraught from the extensive mediation efforts. However, it is clear that Ms. Linda Pierce, after taking one night to reflect and review the terms of the Agreement, immediately went to the office of the mediator on Saturday morning and hand delivered a note requesting that the Agreement be rescinded. Ms. Linda Pierce also met with her attorney early the next Monday morning and instructed him to file a Motion to Vacate the Settlement Agree *206 ment. When Mr. Cummings suggested he could not file such a motion as it would put him in a position of a conflict of interest, Ms. Linda Pierce asked him to draft the Motion, which she then filed pro se.
Based on these findings, the judge ruled he could not find that appellee had “freely, knowingly and intelligently entered into the agreement.” We conclude the foregoing findings are not supported by competent substantial evidence, and fall short of the standard for setting aside a mediated settlement agreement.
It is well established that “mediation and settlement of family law disputes is highly favored in Florida law.” Griffith v. Griffith, 860 So.2d 1069, 1073 (Fla. 1st DCA 2003). The Florida Probate Code has embraced this preference in section 733.815, Florida Statutes, which provides that “interested persons may agree among themselves to alter interests, shares, or amounts to which they are entitled in a written contract executed by them. The personal representative shall abide by the terms of the contract .... ” (Emphasis added.) While much of the decisional law we cite on mediated settlement agreements arises from family law cases, we consider the rules expressed in those opinions to be applicable to a mediated settlement agreement arising in probate proceedings. Thus, as a general rule, “[t]he standard for disregarding a settlement agreement between parties is high” and “ ‘the fact that one party to the agreement apparently made a bad bargain is not a sufficient ground, by itself, to vacate or modify a settlement agreement.’ ” Griffith, 860 So.2d at 1073 (quoting Casto v. Casto, 508 So.2d 330, 334 (Fla.1987)). Put succinctly, “[t]he inquiry on a motion to set aside an agreement reached through mediation is limited to whether there was fraud, misrepresentation in discovery, or coercion.” Crupi v. Crupi, 784 So.2d 611, 612 (Fla. 5th DCA 2001). See also Griffith, 860 So.2d at 1072. Furthermore, it has been acknowledged that entering into a settlement agreement may be emotionally stressful, but “emotion is not grounds to set aside an otherwise duly-executed property settlement agreement.” Hahn v. Hahn, 465 So.2d 1352, 1354 (Fla. 5th DCA 1985) (observing that while “[t]he wife did testify, without specifics, that she was “emotionally abused” at the time she signed the agreement, [ ] courts have recognized that it is normal for parties in a dissolution proceeding to be emotionally upset”). See also O’Connor v. O’Connor, 435 So.2d 344, 345 (Fla. 1st DCA 1983) (holding a property settlement agreement made “in good faith and free from fraud, deceit, duress, coercion or overreaching should be upheld by the court.”); Bailey v. Bailey, 300 So.2d 294, 295 (Fla. 4th DCA 1974). In other words, where “the evidence establishes nothing more than that, upon reflection, [the party to the agreement] felt the terms of the agreement were not in her best interest!,] ‘[b]uyer’s remorse’ is not a sufficient basis for overturning a settlement agreement freely and voluntarily entered into.” Tanner v. Tanner, 975 So.2d 1190, 1191 (Fla. 1st DCA 2008) (citing, generally, Casto).
This record is devoid of evidence that appellee signed the agreement as a result of fraud, misrepresentation, coercion, or overreaching. Appellee was ably represented by counsel experienced in probate law, who submitted for her review and correction several drafts of the agreement over the course of the mediation. The evidence clearly establishes that ap-pellee was actively involved in negotiating the provisions and conditions of the agreement, which ultimately reflected most of her requests. While at one point during the day-long mediation, appellee might *207 have asked if she could have taken the agreement home over the weekend to review it, the record shows only that, at the end of the day, she read and signed the settlement agreement without requesting additional time. That appellee may have been fatigued and distressed by the labor, and later suffered second thoughts, these facts, without more, do not provide grounds for setting aside an otherwise valid agreement.
For the reasons stated, the order setting aside the mediated settlement agreement is REVERSED, and the cause is REMANDED for further proceedings consistent with this opinion.
WETHERELL and OSTERHAUS, JJ., concur.

 In Pierce v. Pierce, 46 So.3d 606 (Fla. 1st DCA 2010), rev. denied, 64 So.3d 1261 (Fla.2011) (table), we dismissed a direct appeal of this order for lack of jurisdiction since it was a non-appealable, non-final order. Review is now proper pursuant to Florida Rule of Appellate Procedure 9.170(e).