DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JUNO OCEAN WALK CONDOMINIUM ASSOCIATION, INC.,**
Appellant,

v.

**THE NORTH COUNTY COMPANY, INC.,**
a Florida Corporation,
**MARIAN BOLOGNA, GILLES SOUCY** and **PATRICIA HARGREAVES,**
Appellees.

No. 4D12-4090

[February 4, 2015]

Appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lucy Chernow Brown, Judge; L.T. Case No. 501996CA002577.

Alan R. Raines and Jay Steven Levine of Jay Steven Levine Law Group, Boca Raton, for appellant.

Bard D. Rockenbach of Burlington & Rockenbach, P.A., West Palm Beach, for appellee Patricia Hargreaves.

CONNER, J.

Juno Ocean Walk Condominium Association, Inc. ("Juno Condo") appeals the trial court's order granting Patricia Hargreaves's ("Hargreaves") motion to amend a final judgment approving a settlement. Juno Condo argues that the trial court did not have legal authority to amend the final order that was entered ten years before the motion to amend was filed. We agree and reverse.

This case was initially filed in 1996 and became a class action lawsuit by condominium lot owners against the developer, North County Company, Inc. ("North County"). The suit was based on paragraph 11.2 of the Declaration of Condominium, which states:

> 11.2 <u>RENTAL OF CONDOMINIUM UNITS.</u> The Developer shall have for a period of ninety-nine (99) years from the date of this Declaration the exclusive right in the absence of use by the

Owner or his registered and approved guests, to rent Units which are a part of the Declaration at scheduled rates promulgated from time to time by the Developer. The Developer shall retain for its services fifty percent (50%) of the gross amount of rental collected on any unit with the remaining fifty percent (50%) reserved for the benefit of the Unit Owner.

The members of the class sought to transfer from the developer to the condominium association the right to collect rents when units were not occupied by the unit owner or approved guests. During the lawsuit, Hargreaves filed a notice to "opt-out" of the class for all of the lots that she owned. After the trial court found "[t]hat [North County through its president made] oral and written statements [that] interfered with, tainted, and prejudiced the class notification and 'opt-out' process," it struck the opt-out notice responses, including Hargreaves's. However, after the trial court struck Hargreaves's first notice to opt-out, she filed a second notice to opt-out.

Eventually the class action proceeding resulted in a settlement, and the settlement agreement was approved by the trial court in an order entered in this case on July 19, 2002 ("the 2002 Order"). The 2002 Order resolved the issues as to "the class of lot owners who remained in the class and *who did not opt out* and who are listed on the attached exhibit '1' incorporated herein." (emphasis added). Attached to the 2002 Order was Exhibit 1, which listed the names of the lot owners, and their lots, to which the 2002 Order applied. Hargreaves was not on the list. The 2002 Order also stated that:

A) Paragraph 11.2 of the Yogi by the Sea Declaration of Condominium recorded in Official Records Book 4693, page 1853 as amended in Official Records Book 6509, page 1193, in the Official Records of Palm Beach County, Florida is unenforceable effective as of April 3, 2002, *against the class of Unit Owners who did not opt out identified on attached exhibit "1",* [sic] *their heirs, assigns, grantees, beneficiaries and transferees (the "Class").* The North County Company, Inc., its successors, assigns, transferees and principals, now and forever, are enjoined and prohibited from enforcing the provisions of Paragraph 11.2 of the Yogi by the Sea Declaration of Condominium recorded in Official Records Book 4693, page 1853 as amended in Official Records Book 6509, page 1193, in the Official Records of Palm Beach County, Florida against the

2

class of Unit Owners who did not opt out and their heirs, beneficiaries, assigns, grantees and transferees;

B) On or before April 3, 2005, the North County Company, Inc., its successors, assigns, transferees and principals, *shall turn over and assign*[1] *to the Juno Ocean Walk Condominium Association, Inc., (successor to Yogi by the Sea Condominium Association, Inc. to all rights, title and interest (including the right to enforce) Paragraph 11.2* of the Yogi by the Sea Declaration of Condominium recorded in Official Records Book 4693, page 1853 as amended in Official Records Book 6509, page 1193, in the Official Records of Palm Beach County, Florida as to the class of Unit Owners who did opt out and their heirs, assigns, grantees, beneficiaries and transferees[.]

(emphasis added). The 2002 Order also contained a "Reservation of Jurisdiction" section, which stated that "[t]he Court reserves jurisdiction to enforce the provisions of this order and settlement." In 2002, the class action proceeding ended.

Subsequent to the entry of the 2002 Order, two separate lawsuits were filed against Hargreaves to collect rents owed pursuant to paragraph 11.2. North County sued for rents owed *before* to April 3, 2005; Juno Condo sued for rents owed *after* April 3, 2005.

In October, 2012, the class representative in this suit, "joined by" Hargreaves, filed an "unopposed" motion for amendment to the 2002 Order ("the motion to amend"). The motion to amend stated that the "Developer does not object to this Motion and does not oppose the relief sought in this Motion," and later defined the "Developer" as North County. The motion to amend also stated: "In pending litigation between North County . . . [and] Hargreaves, . . [Hargreaves] has pled and asserted that [she] was negligently or intentionally threatened, intimidated, misrepresented to and fraudulently induced to 'opt out' of the class action and was not included nor listed in Exhibit '1.'" On October 11, 2012, without a hearing on the motion to amend, the trial court entered an order granting the motion, "there being no opposition or objection to the Motion and to the relief sought therein." The trial court ordered the amendment to apply *nunc pro tunc* to July 19, 2002.

---

[1] The record also contains the executed assignment from North County to Juno Condo in accordance with the 2002 Order, filed as supplemental record by Hargreaves.

After learning of the motion to amend the 2002 Order and the order granting it, Juno Condo filed a motion to intervene in the court below, which was denied. This appeal follows.

Both parties agree that the general rule regarding amendment to a final judgment is that a trial court loses authority over the case, except as dictated by rule 1.540, *see generally, Bank One, N.A. v. Batronie*, 884 So. 2d 346, 348 (Fla. 2d DCA 2004). Thus, "[o]ur standard of review of an order ruling on a motion for relief from judgment filed under Florida Rule of Civil Procedure 1.540(b) is whether there has been an abuse of the trial court's discretion." *J.J.K. Int'l, Inc. v. Shivbaran*, 985 So. 2d 66, 68 (Fla. 4th DCA 2008) (quoting *Snipes v. Chase Manhattan Mortg. Corp.*, 885 So. 2d 899, 900 (Fla. 5th DCA 2004)) (internal quotation marks omitted).

Hargreaves argues on appeal that the trial court properly granted the motion to amend under the fraud exception contained in rule 1.540(b).[2] However, rule 1.540(b) specifically states that there is a one-year time limit for filing a motion to vacate based on fraud. Therefore, since Hargreaves's motion was filed in excess of one year after the 2002 Order was entered, it was untimely under rule 1.540(b). Because the motion to amend was untimely under rule 1.540(b), the trial court did not have authority to modify the 2002 Order in this case. *Batronie*, 884 So. 2d at 348.

Although it was asserted on appeal that the unopposed motion to modify the 2002 Order was intended to be a settlement of the suit brought by North County against Hargreaves after the class action proceeding ended, there is nothing in the record showing an independent action was filed for modification of the 2002 Order.

Hargreaves alternatively argues that the trial court had jurisdiction to amend the 2002 Order since, within the 2002 Order, the trial court specifically "reserve[d] jurisdiction to enforce the provisions of this order and settlement." Hargreaves argues that "[b]roadly speaking, [the order on Hargreaves's motion to vacate] is an order enforcing the agreement" and that it "enforces the agreement as to [her]." We disagree, and find that the trial court's order granting the motion to amend was not an order *enforcing* the 2002 Order, but instead, *modifying* it.

---

[2] Although rule 1.540(b) couches its language in terms of "vacating" a judgment, it also applies to amending a judgment, which was the relief requested in the motion to amend. *See Dep't of Banking & Fin. v. Edwards*, 695 So. 2d 939, 940 (Fla. 4th DCA 1997) ("[T]he trial court had jurisdiction pursuant to rule 1.540(b) to consider her motion to amend the final judgment.").

The trial court did not have any legal authority to enter its order amending the 2002 Order. We therefore reverse and remand the case to the trial court with instructions to vacate the order entered on October 11, 2012, amending the 2002 Order.

*Reversed and remanded with instructions.*

DAMOORGIAN, C.J. and TAYLOR, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***