IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ADA ALBORS GONZALEZ,

      Appellant,

 v.                                                Case No.  5D17-3607

WILLIAM M. STERN, NORMAN D. LEVIN
and JENNIFER L. SLOANE,

      Appellees.

_____/

Opinion filed April 27, 2018

Non-Final Appeal from the Circuit
Court for Seminole County,
Jessica J. Recksiedler, Judge.

Ada Albors Gonzalez, Tallahassee, pro se.

Kenneth L. Baker and Amy L. Baker of
Wilson Elser Moskowitz Edelman & Dicker
LLP, Orlando, for Appellee, Norman D.
Levin.

No Appearance for other Appellees.

COHEN, C.J.

There comes a point when litigation must end. We are at that point in the instant

case. In February 2004, Gonzalez filed a legal malpractice action against Norman Levin,

William Stern, and Jennifer Sloane.[1] In August 2004, the trial court dismissed the

---

[1] The trial court granted summary judgment in favor of both Stern and Sloane, and
the case proceeded solely against Levin.

complaint without prejudice, allowing twenty days for Gonzalez to file an amended complaint. Gonzalez subsequently amended the complaint but in November 2004, the trial court again dismissed the matter without prejudice. Gonzalez did not appeal.

Eleven years later, Gonzalez moved for leave to amend her complaint. Levin opposed the motion, arguing that the trial court lacked jurisdiction to entertain the motion and that the statute of limitations barred her complaint. See § 95.11(4)(a), Fla.Stat. (2004) (providing two-year statute of limitations for professional malpractice action). Following a hearing, the trial court denied the motion to amend, based on the statute of limitations.

Gonzalez appealed the non-final order denying her motion. In that appeal, this Court initially issued an order to show cause why the case should not be dismissed for lack of jurisdiction. When Gonzalez failed to show cause, we dismissed the appeal. Gonzalez subsequently filed a motion for rehearing, which we granted by order, reinstating the appeal and relinquishing jurisdiction for her to obtain a final appealable order from the trial court. Our order did not address the merits of the appeal.

On remand, Gonzalez misconstrued the nature of the order, interpreting it as a reinstatement of her legal malpractice claim. Instead of following the directive to obtain an appealable order, Gonzalez filed a copy of the order with the trial court, referring to it as the "5DCA Order to Reinstate Legal Malpractice Complaint." Gonzalez then moved for judgment on the pleadings, even though there was no operative complaint, seeking over $3,000,000 in damages.

The trial court understood the nature of our order relinquishing jurisdiction, entered an order denying Gonzalez's motion for leave to amend the complaint, and dismissed the case with prejudice. Thereafter, the appeal proceeded from that final order. This Court

affirmed. See Gonzalez v. Stern, 216 So. 3d 639 (Fla. 5th DCA 2016). Notwithstanding, Gonzalez continued to file numerous pleadings and motions in the trial court, including a motion for relief from judgment, which the trial court denied and is now the subject of this appeal.

Quite simply, our order relinquishing jurisdiction to allow Gonzalez to obtain a final appealable order did not reinstate her cause of action. Gonzalez was given the opportunity to amend her complaint in 2004 and neglected to do so for over a decade. The long-expired statute of limitations bars her complaint. See § 95.11(4)(a), Fla. Stat. Furthermore, the trial court properly denied the motion for relief from judgment because Gonzalez failed to raise any meritorious grounds for relief. See Fla. R. Civ. P. 1.540; see, e.g., Snipes v. Chase Manhattan Mortg. Corp., 885 So. 2d 899, 900 (Fla. 5th DCA 2004) ("[The] failure to take the steps necessary to protect [one's] own interest during the litigation cannot, standing alone, be grounds to vacate judicially authorized acts to the detriment of innocent parties."). Accordingly, we affirm.

AFFIRMED.

PALMER and ORFINGER, JJ., concur.